---

(No. 17521.—Reversed and remanded as to Braidman; affirmed as to Serpe.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVID BRAIDMAN *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1926.*

1. CRIMINAL LAW—*motions for continuance and for change of venue should be incorporated in bill of exceptions.* Motions for a continuance and petitions for change of venue, and the affidavits in support thereof, are not a part of the record and can only be made so by bill of exceptions, and unless thus preserved they cannot be considered by the Supreme Court although the clerk may have copied them into the transcript.

2. SAME—*when an instruction as to circumstantial evidence should not be given.* An instruction that circumstantial evidence is competent legal evidence upon which the jury may base a conviction should not be given when all the evidence tending to show the defendant guilty is direct evidence.

3. SAME—*statement of defendant to police officers is not admissible as to co-defendant who was not present.* A statement of a defendant to police officers in the nature of a confession of his participation in the crime charged is not admissible as to a co-defendant who was not present when the statement was made, and although the officers, when testifying, are cautioned that if any other names were mentioned in the statement to "kindly delete them," occasional reference to the co-defendant in the statement as testified to must be regarded as prejudicial, where the court does not expressly limit the admission of the statement to the defendant making it and by instruction inform the jury that it can not be considered by them as evidence against the co-defendant.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. M. L. MCKINLEY, Judge, presiding.

L. A. GILMORE, and A. PAUL HOLLEB, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and MERRILL F. WEHMHOFF, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiffs in error, David Braidman and Albert Serpe, were indicted in the criminal court of Cook county for the crime of rape upon the person of Margaret Cook, a female of the age of thirteen years. A jury found them both guilty and fixed their punishment at ten years each in the State penitentiary. The court sentenced each of them to ten years imprisonment in the State reformatory at Pontiac. The record is before this court for review upon writ of error.

It is first contended by plaintiffs in error that the court erred in refusing to grant them a continuance. While the clerk's transcript of the record shows the filing of an affidavit of the attorney for plaintiffs in error for a continuance, the bill of exceptions shows neither a motion for a continuance nor any affidavit in support thereof, and this assignment of error cannot, therefore, be considered.

It is next contended that the court erred in refusing to grant plaintiffs in error a change of venue on the ground of the prejudice of the trial judge. The transcript of the record shows that each plaintiff in error filed an affidavit for change of venue on that ground but the bill of exceptions contains no mention thereof. The petition for a change of venue, and the affidavits in support thereof, are not part of the record and can only be made so by bill of exceptions, and unless thus preserved they cannot be considered by this court although the clerk may have copied them into the transcript. *Bedee* v. *People,* 73 Ill. 320; *People* v. *Schueneman,* 320 id. 127.

Without going into the details of the testimony, it shows conclusively that on the night of May 29, 1925, Margaret Cook was raped. She swears positively that plaintiffs in error were two of five men who committed the crime. While her testimony is somewhat weakened by evidence of statements made by her under oath before the examining magistrate as to some of the details of the crime, her identification of plaintiff in error Serpe is corroborated by the testimony of two police officers, who testified that Serpe at the police station, after being arrested on June 19, 1925, told them that he had sexual intercourse with Margaret Cook, in company of four other men, at the time and place alleged by her. Serpe denied his guilt and all knowledge of or participation in the crime, testifying that he was at his home during the entire time during which Margaret Cook testified that the crime was committed. His mother and thirteen-year-old sister also testify to this alibi. He also testified that he did not make the confession to the police officers, but his testimony in that regard is much weakened by the fact that he admitted that he had a conversation with them at the time and place named by them and that he did not remember what he told them. It is contended by him that a confession of a party accused of crime which is uncorroborated by any circumstances inspiring belief in its truth, arising out of the conduct of the accused or otherwise, is insufficient to convict. That question does not arise in this case as his confession was corroborated by the testimony of Margaret Cook. Under the evidence in the case the jury were fully justified in finding Serpe guilty. In fact, no other verdict than that of guilty would have been warranted by the evidence, and the judgment of the criminal court must therefore be affirmed as to him.

The only evidence in the case competent as to plaintiff in error Braidman which in anywise tended to incriminate him was the testimony of Margaret Cook, who testified

that about 7:45 on the evening of May 29, 1925, while out for a walk, as she was on Union street, passing the mouth of an alley between Forty-sixth place and Forty-seventh street, she was seized by two men and dragged down the alley about thirty feet to a shed, where the crime was committed; that a bright alley light was burning at the time of her seizure and that she recognized Braidman as one of her assailants; that she had no previous acquaintance with him but had seen him a few times in the neighborhood; that Braidman, Serpe and three other men remained with her in the dark shed for ten hours, or until about six o'clock the next morning. The court reporter who took the testimony in shorthand at the preliminary examination testified from his notes that upon that examination she testified that the first time she saw the boys on the evening in question was around ten o'clock. He also testified to other less important discrepancies between her testimony on the trial and that given by her on the preliminary examination. Braidman positively denied seeing Margaret Cook on the evening in question and denied all complicity in the crime. He testified that on the evening in question he with other members of his family went to a family dinner at the home of a brother at 2310 Fulton street, which is a long distance from the scene of the crime, arriving at his brother's about 5:30 or 6:00 o'clock, and that he remained there until about 10:00 or 10:30; that he then went with his mother, took a sister-in-law of his to her home at 4529 Hazel avenue, on the North side, and from there took his mother to their home at 716 West Forty-seventh street, arriving there about 1:00 or 1:30; that he then went to bed and remained there until the next morning. His mother, brother and two sisters-in-law testified to his continued presence at the family dinner from 6:00 to 10:00 P. M. The sister-in-law living at 4529 Hazel avenue testified that after that time David and his mother took her home, and the mother testified that thereafter David went home with her, arriving there

about 1 :00 or 1 :30, and that he then went to bed. The witnesses all fix the date of the dinner by the fact that it was the night before Decoration day—a holiday. We thus find the uncorroborated testimony of Margaret Cook pitted before the jury against the positive testimony of five witnesses to a complete alibi. If the testimony of these five witnesses was sufficient to raise a reasonable doubt in the minds of the jury as to Braidman's guilt he should have been found not guilty. The effect of the evidence as to Braidman's alibi was probably minimized by an instruction given to the jury, which, although the evidence of the alibi covered the whole of the time of the commission of the crime, placed the burden of proof on the defendant to so prove his alibi as to render the commission of the crime by him impossible or highly improbable, and informed the jury that unless such proof was made the defense of alibi was not available to the defendant. The giving of this instruction to the jury under the state of the proof might well be taken by the jury as an intimation by the court that there was some question as to the sufficiency of the alibi other than the question of the veracity of the witnesses. Although all the evidence in the case tending to show that defendant was guilty was direct evidence, the court gave to the jury, at the request of the State, an instruction that circumstantial evidence was competent legal evidence, and telling the jury that they could convict on circumstantial evidence. The giving of this instruction was tantamount to telling the jury that there was circumstantial evidence in the case sufficient to warrant a conviction.

Over the objection of the attorney for plaintiffs in error two police officers were allowed to detail a conversation had by them with Serpe at the Stock Yards station the night of his arrest, out of the presence of Braidman, in which conversation Serpe confessed his guilt. Although cautioned that if any other names were mentioned to "kindly delete them," one of them stated that in reply to the question

when he met Margaret, Serpe said that "about eight o'clock on the evening of the 29th of May he was walking on Forty-seventh street about the block and he met a party by the name of Braidman, and he met Margaret, and she said hello and asked him to take a walk," and that Serpe then gave a detailed account of what took place thereafter between Margaret, himself and four other men during the night, including the statement that each of the five men had sexual intercourse with her during that time, which would make each one guilty of rape. While the police officers made no further mention of Braidman by name, on cross-examination of Serpe he was asked by the assistant State's attorney if he did not tell the policemen that he met Margaret on the street on the evening in question and that Braidman was with him. He was also asked if he did not tell the officers that he, Braidman and three other men had carnal connection with her. By these questions the State's attorney indicated to the jury that Braidman was one of the five men mentioned as being guilty by Serpe in his confession as clearly as if his name had not been deleted from it. While the testimony given by the police officers was competent as to Serpe it was not competent as to Braidman, (*People* v. *Carmichael,* 314 Ill. 460; *People* v. *Young,* 316 id. 508;) and the court in admitting it should have limited it to Serpe and by instruction informed the jury that it could not be considered by them as evidence against Braidman. Braidman was undoubtedly prejudiced by the admission of this evidence without limitation, and in the highly conflicting state of the record as to his guilt, as to him the judgment of the criminal court must be reversed and the cause remanded for a new trial.

*Reversed and remanded as to Braidman.*

*Affirmed as to Serpe.*