(No. 21315.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES RYAN, Plaintiff in Error.

*Opinion filed October 22, 1932.*

Wm. Scott Stewart, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and J. J. Neiger, (Edward E. Wilson, and Grenville Beardsley, of counsel,) for the People.

Mr. Justice DeYoung delivered the opinion of the court:

James Ryan and William Kinsella were indicted, at the December, 1914, term of the criminal court of Cook county, for the robbery, while armed with a dangerous weapon, of Samuel Dick. A jury found Ryan guilty of the charge in the indictment; his motion for a new trial was denied, and on February 17, 1915, he was sentenced to the penitentiary. Shortly thereafter he began his term of imprisonment and seventeen years later sued out this writ of error for a review of the record.

The evidence introduced by the prosecution tended to show that on November 4, 1914, at about eleven o'clock in the forenoon, on Laflin street near Taylor street in the city of Chicago, James Ryan, the plaintiff in error, while armed with a revolver, forcibly took from Samuel Dick, a messenger employed by the Western Dairy Company, a satchel containing $3400 in checks and currency. The plaintiff in error was arrested three weeks later. Dick, the victim, and three persons who were near the scene of the crime at the time it was committed, identified the plaintiff in error as the robber.

Five witnesses were called by the plaintiff in error. His father, mother and sister, an acquaintance of the latter and a city employee testified that the plaintiff in error was confined to his home during the forenoon of November 4, 1914,

suffering from the toothache. At the time in question, he resided at his father's house, 3318 Grenshaw street, about three and one-half miles from Laflin and Taylor streets, Chicago.

The errors assigned and argued concern the instructions given to the jury at the request of the prosecution. Only two of these instructions, the second and the fourth, need our consideration. The second instruction was as follows: "The court instructs the jury in considering this case you should not go beyond the evidence to hunt for doubts, nor should you entertain such doubts as are merely imaginary or based upon groundless conjecture. A doubt, to justify an acquittal, must be reasonable and must arise from a candid and impartial consideration of all the evidence or lack of evidence in the case, and then it must be such a doubt as would cause a reasonable, prudent and considerate man to hesitate and pause before acting in the graver and more important affairs in life. If, after a careful and impartial consideration of all the evidence and lack of evidence in the case, you can say and feel that you have an abiding conviction of the guilt of the defendant arising from the evidence and are fully satisfied from the evidence of the truth of the charge, then you are satisfied beyond a reasonable doubt."

This instruction was reviewed in *People* v. *Jordan*, 292 Ill. 514. In delivering the court's opinion, Mr. Justice Cartwright said concerning it: "Among the metaphysical refinements concerning the genesis, attributes, limitations and effect of a reasonable doubt, it is recognized in legal philosophy that an insufficiency or lack of evidence to prove an accused guilty beyond a reasonable doubt may engender in the minds of a jury such reasonable doubt. It is the insufficiency or lack of evidence offered by the People to prove guilt which creates a reasonable doubt, but it is a different proposition to say that a lack of evidence from any source may be considered by the jury in determining

whether they have an abiding conviction of the guilt of the defendant arising from that state of the evidence. That would include a failure of the defendant to testify to facts within his knowledge or to produce evidence to meet the evidence for the People. After stating a recognized rule concerning doubt the instruction practically said to the jury that if they had an abiding conviction of the guilt of the defendant arising from the evidence offered and a lack of evidence from any source, they would be satisfied beyond a reasonable doubt. It was error to give the instruction." To the same effect are: *People* v. *Andrae,* 295 Ill. 445; *People* v. *Sawhill,* 299 id. 393, 410; *People* v. *Gardiner,* 303 id. 204.

The fourth instruction read as follows: "The court instructs the jury that one of the defenses relied upon by the defendant is that of alibi. You are further instructed, that although you may believe, from the evidence, that the movements of the defendant may have been accounted for at some part or portion of the time before and at the commission of the crime charged in the indictment, still, before this defense is entitled to consideration, it must appear that at the very time of the commission of the crime charged in the indictment the defendant was at another place so far away or under such circumstances that he could not, with ordinary exertion, have reached the place where the crime of the robbery was committed, so as to have participated therein."

The evidence introduced by the plaintiff in error tended to show that he was elsewhere than at the scene of the crime at the time it was committed. The whole period of time involved in the charge was covered by that evidence. The fourth instruction, however, informed the jury that although the movements of the defendant "may have been accounted for at some part or portion of the time before and at the commission of the crime charged," yet, before an alibi is entitled to consideration, "it must appear that at

the very time of the commission of the crime charged," the defendant was at a point so distant that he could not have participated in the commission of the offense. The instruction, therefore, was not based upon the evidence, and in the state of the proof might well be taken by the jury as an intimation that there was some question concerning the sufficiency of the alibi other than the question of the veracity of the witnesses. (*People* v. *Fisher,* 295 Ill. 250; *People* v. *Braidman,* 323 id. 37; *People* v. *Reno,* 324 id. 484; *People* v. *Frugoli,* 334 id. 324; *People* v. *Lacey,* 339 id. 480). Although the evidence to prove an alibi may be insufficient of itself to establish the fact, it may be considered by the jury for the purpose of raising a reasonable doubt of guilt on all the evidence. The defendant is entitled to an acquittal if the evidence respecting an alibi, together with all the other evidence in the case, raises a reasonable doubt of his guilt. (*Waters* v. *People,* 172 Ill. 367, 375; *People* v. *Lacey,* 339 id. 480). The effect of the instruction was to minimize, if not to exclude, the evidence introduced by the plaintiff in error, and the instruction was necessarily prejudicial to him.

It was the jury's province to determine the guilt or innocence of the plaintiff in error upon a consideration of all the evidence introduced upon the trial. Prejudicial errors in the court's instructions to the jury will effect a reversal of the judgment of conviction where the evidence is conflicting and the proof of guilt is not so conclusive that no verdict other than one finding the defendant guilty reasonably could have been returned by the jury.

The judgment of the criminal court is reversed and the cause is remanded to that court.

*Reversed and remanded.*