(No. 35126.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CURTIS PEARSON, Plaintiff in Error.

*Opinion filed September 29, 1960.*

Edward S. Siler, of Chicago, for plaintiff in error.

Grenville Beardsley, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicag, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and James J. Glasser, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Curtis Pearson, was indicted upon charges of rape and robbery, and pleaded not guilty to each indictment. The rape case was tried first. The jury found him guilty and fixed the term of his imprisonment at ten years. He then changed his plea to the robbery charge to one of guilty and was sentenced to a concurrent term of not less than ten nor more than twenty years. By this single writ of error, he seeks to review both judgments of conviction. No objection has been made to proceeding in this manner. The records in both cases are before us, and the alleged error in each case has been fully argued. In this case, as in *People* v. *De Cola,* 15 Ill.2d 527, nothing would be gained by requiring that the records now before us be brought here again in another form, and we will therefore consider both cases in this opinion.

Two witnesses for the prosecution testified that the defendant broke into their apartment "about 2:30" on the morning of March 24, 1956, that he remained there for "approximately thirty minutes," and that while there he committed rape, other sexual offenses and robbery. The defendant testified that he lived about ten blocks from the apartment where the rape occurred, that he fell asleep with his clothes on shortly after 10:00 P.M. on March 23, 1956, and did not awaken until time to go to work the following morning. Cephus Ivory, a neighbor of the defendant, testified that he went into the defendant's bedroom several times on the night of March 23 and the morning of March 24, 1956, and observed the defendant asleep, lying across the bed with his clothes on. The last time, he said, was "about, between, it must have been about two or two-thirty."

On the question of alibi, the following instruction was given: "The Court instructs the jury that before a defendant can avail himself of the defense of an alibi, the proof must cover the whole of the time of the commission

of the crime, so as to render it impossible or highly improbable, that the defendant could have committed the act; and unless the proof in a case covers the whole time, so as to render the commission of the crime by a defendant impossible or highly improbable, then the defense is not available to such defendant." The defendant, relying on *People* v. *Gardner,* 4 Ill.2d 232, *People* v. *Frugoli,* 334 Ill. 324, and *People* v. *Reno,* 324 Ill. 484, contends that the giving of this instruction was prejudicial error. No other error is asserted. No objection to the instruction was made at the trial. We have, however, considered the asserted error under Rule 25 which provides that in criminal cases substantial defects in instructions "are not waived by failure to make timely objections thereto if the interests of justice require."

This instruction has had a troubled history. In part at least, it appears to have been suggested by this court in *Briggs* v. *People,* 219 Ill. 330, 345. There the jury had been instructed that to "render the evidence of an alibi satisfactory it must cover the whole time of the transaction in question so as to render it impossible that the defendant could have committed the act." The court criticized the use of the word "satisfactory" as tending to mislead the jury as to the burden of proof, and it also pointed out that "the instruction is too strict in requiring the proof to cover the whole of the time of the commission of the crime, so as to render it impossible that the defendant could have committed it." The court continued, "We think an instruction defining the defense of *alibi* would be sufficient and proper if it simply stated, to render the defense of *alibi* available the proof must cover the whole of the time of the commission of the crime, so as to render it impossible, or highly improbable, that the defendant could have committed the act."

The instruction apparently was thus originally intended as a definition of the defense of alibi. But because of its

emphasis upon the "availability" of the defense, it speaks also the language of burden of proof. (Cf. *People* v. *Fisher*, 295 Ill. 250, 260, where the language used was "to be entitled to consideration.") Moreover its requirement that the proof of alibi must be such as to make it "impossible or highly improbable" that the defendant committed the crime, and its requirement that alibi evidence must cover the entire period of the crime, run counter to the basic notion that the defendant's guilt must be established beyond a reasonable doubt. Wigmore, Evidence, 3rd ed., sec. 2512, n. (3); Bishop, Criminal Procedure, 3rd ed., secs. 1060-1067; 20 Am. Jur. (Evidence) sec. 1263; see cases collected, 29 A.L.R. 1127; 67 A.L.R. 139; 124 A.L.R. 471.

In numerous cases convictions have been reversed because of the giving of this instruction or a similar one, either because of the difficulties mentioned above, (*Hoge* v. *People*, 117 Ill. 35; *Waters* v. *People*, 172 Ill. 367, 373; *People* v. *Fisher*, 295 Ill. 250, 260), or because of its inapplicability to the facts in the particular case. (*People* v. *Braidman*, 323 Ill. 37, 41; *People* v. *Reno*, 324 Ill. 484, 493; *People* v. *Frugoli*, 334 Ill. 324, 337; *People* v. *Lacey*, 339 Ill. 480, 488; *People* v. *Ryan*, 349 Ill. 637, 640; *People* v. *Gardner*, 4 Ill.2d 232, 240.) In other cases the giving of such an instruction has been approved, (*People* v. *Schladweiler*, 315 Ill. 553, 560; *People* v. *Thompson*, 321 Ill. 594, 604; *People* v. *Herbert*, 361 Ill. 64, 74; *People* v. *Grizzel*, 382 Ill. 11, 24; *People* v. *Lamphear*, 6 Ill.2d 346, 351,) or upon a consideration of the entire record has not been regarded as reversible error. *People* v. *Gasior*, 359 Ill. 517, 527; *People* v. *Lynn*, 387 Ill. 549, 553.

In part, the extraordinary difficulties that have arisen with respect to instructions concerning alibi stem from the fact that the defense of alibi has often been spoken of as an affirmative defense. "Alibi is an affirmative defense, and where the *corpus delicti* is proved, together with evidence tending to show the guilt of an accused, the burden

is on him to establish an alibi interposed as a defense, although upon the whole case his guilt must be proved beyond a reasonable doubt." *People* v. *Silvia,* 389 Ill. 346, 353; *People* v. *Weiss,* 367 Ill. 580, 588; *People* v. *Kerbeck,* 362 Ill. 251, 256; *People* v. *Mero,* 4 Ill.2d 327, 336; *People* v. *Wheeler,* 5 Ill.2d 474, 483; *People* v. *Perroni,* 14 Ill.2d 581, 592.) Logically, proof of an alibi is not proof of an affirmative defense because in order to establish its case the prosecution must show that the defendant was present at the scene of the crime, and evidence that the defendant was elsewhere is only one method of negativing the prosecution's case. So where an instruction has unequivocally placed upon a defendant the burden of establishing an alibi, the conviction has been reversed. *Hoge* v. *People,* 117 Ill. 35, 44; *People* v. *Lacey,* 339 Ill. 480, 488.

To say that the burden is upon the defendant to establish an alibi can be accurate only if the term "burden" is used in the sense of the requirement of going forward with evidence. But if that is all that is intended, any reference in an instruction to a burden upon the defendant is improper because it is never necessary or appropriate to mention to a jury the burden of going forward with the evidence. Quite apart from the matter of instructions to the jury, to think or speak of alibi in terms of an affirmative defense can only cause confusion. The ease with which alibi testimony can be fabricated, and its obvious capacity to surprise, may make appropriate some advance notice of the defense, but that is a different matter.

In the present case all of the undesirable overtones of the instruction that bear upon the burden of proof must, we think, fairly be regarded as obviated by the following instruction which was also given to the jury:

"If a person on trial for a crime shows that he was in another place at the time when the act was committed, he is said to prove an alibi.

"Such defense is proper and all evidence bearing on that

point should be carefully considered by the jury. If in view of all the evidence, the jury believe the defendant was in some place other than where the crime was committed at the time the crime was committed, or if the jury have a reasonable doubt of his presence when and where the crime was committed, they should give the defendant the benefit of the doubt, and find him not guilty.

"As regards the defense of an alibi, the jurors are instructed that the defendant is not required to prove that defense beyond a reasonable doubt, to entitle him to an acquittal. It is sufficient, if the defense upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged, and if it does, it is your sworn duty, under the law to give the benefit of the doubt to the defendant and to find him not guilty."

There remains, however, the contention that the challenged instruction was not at all applicable to the facts of this case, because the testimony of the defendant covered the entire period of the commission of the crime. It is argued, therefore, that the effect of the instruction was either to disparage defendant's testimony by suggesting that it was not entitled to belief, or as it has been put in other opinions, by suggesting that "there was some question concerning the sufficiency of the alibi other than the question of the veracity of the witnesses." *People* v. *Gardner*, 4 Ill.2d 232, 239.

From what has been said it is clear that this instruction should not have been tendered by the prosecution and that it was error to give it. The question then, is whether in the circumstances of this case the error was so prejudicial as to warrant a reversal of the judgment and a remandment for a new trial. The testimony of witnesses for the State was that the defendant was present in the apartment of the prosecuting witness for approximately half an hour. During that time the lights were on and both the prosecuting witness and her niece, aged 16, had excellent opportunities

616

to observe him. On the following day they saw him in the same apartment building and immediately caused his arrest. Upon a careful consideration of the entire record it does not appear that the ultimate outcome of the trial could have been affected by the giving of the challenged instruction.

As has been stated, the defendant pleaded guilty to the robbery charge after he had been found guilty upon the charge of rape. It was originally asserted by the defendant that the trial judge erroneously advised him that the sentence that could be imposed upon his plea of guilty to the crime of robbery was imprisonment in the penitentiary for a term of "not less than one year nor more than two years." The sentence actually imposed was imprisonment for not less than ten years nor more than twenty years. It was subsequently established, however, that the trial judge had actually warned the defendant that he could be sentenced for a term of "not less than one year nor more than twenty years," and that the court reporter erroneously wrote the word "two" instead of the word "twenty" when he transcribed his shorthand notes. Upon the basis of the court reporter's testimony the record was corrected in the trial court.

The judgments are affirmed.

*Judgments affirmed.*