THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD LEE ROBINSON, Defendant-Appellant.

(No. 70-121;

Third District—June 14, 1971.

Theodore Gottfried, of Defender Project, of Ottawa, (John Barton, of counsel,) for appellant.

Louis R. Bertani, State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the circuit court of Will County.

Edward Lee Robinson, hereinafter referred to as defendant, was indicted for the crimes of attempted robbery and aggravated battery. The

trial court instructed the jury that the evidence would not support a conviction for aggravated battery and instructed the jury only on the elements of the offenses of attempted robbery and battery. The jury returned verdicts of not guilty of the crime of battery but guilty of the crime of attempted robbery. Defendant's motion for probation was denied and he was sentenced to a term of imprisonment of not less than 4 nor more than 14 years.

From this judgment of conviction the defendant appeals, assigning as errors that he was denied effective assistance of counsel, that the court erred in giving a certain instruction, that certain evidence was improperly admitted, and that the sentence was excessive and based upon improper evidence.

On October 15, 1967, at approximately 1:15 A.M., three men entered the lobby of the Chicago Avenue Y.M.C.A. in Joliet, Illinois. The desk clerk, becoming suspicious of the men, requested a guest to watch over the registration desk for a few minutes while the clerk went into a rear office and called the police. When he returned to the registration desk and after the guest had departed two of the men jumped upon the counter of the registration area, demanded money from the clerk, and one of the men proceeded to strike the clerk about the face. Grabbing a pair of scissors the clerk attempted to defend himself by stabbing upward. His assailant attempted to shield his bleeding face with his hands and along with his other two companions retreated from the building. The police arrived approximately three minutes after the men had departed. At 2:30 A.M. the police arrived at defendant's home and took him into custody for his alleged participation in the crime. At the time of his apprehension he had a bandaid applied to a bleeding cut on his nose.

During his trial the defendant took the stand in his own behalf and gave alibi testimony which covered the entire period of the commission of the crime. The defendant testified that on October 14 he shot pool until about 6:00 P.M., after which he went home. That he left his home at about 8:00 o'clock P.M. and at 10:00 o'clock P.M. he arrived at either the American Legion or V.F.W. Post known as the Buffalo Post in the city of Joliet. That shortly after his arrival he became embroiled in a fight with a stranger and that it was during this altercation that the defendant's nose was cut with a broken beer bottle. He then testified he returned to his home where he remained until police took him into custody at approximately 2:30 A.M. on the morning of October 15.

Carl Phillip April, called as a defense witness, testified that he participated in the commission of the crime at the Y.M.C.A. but that the defendant was not a participant. He further stated that one Thomas

Johnson and an Arthur Williams were his associates and that it was Johnson who was cut when the clerk wielded the scissors. On cross examination April admitted he had previously involved the defendant in the crime when he had been interrogated by the police.

Defense witness Thomas Stinson testified that on the night of October 15, 1967, at the Buffalo Post of the American Legion he had a fight with the defendant during which he struck him in the face with a bottle. Elma Person, called by the defense, testified that she knew the defendant and saw him engaged in a fight at about 11:00 o'clock P.M. on Saturday, October 14, 1967, near the American Legion Home. Upon cross examination she reaffirmed her statement that the fight was on Saturday night but was uncertain as to the exact date. Larry James Person also testified he saw the defendant in a fight at approximately 11:30 P.M. on the night of October 14, 1967. Frank James Williams, called by the defense, testified that he knew the defendant well and that he saw him in a fight on the night of October 14, 1967, and that the defendant's opponent wielded a broken beer bottle which cut the defendant's face. Mattie Williams, mother of the defendant, testified that he was at home at about 11:00 o'clock P.M. on the night of October 14, 1967. That at 12:00 o'clock A.M. she awakened and saw the defendant in the bathroom, after which she returned to bed and did not again see the defendant until police called for him at approximately 2:30 A.M.

The prosecution produced identification witnesses who placed the defendant at the scene of the crime during its commission, but the facts were sharply disputed and it was of the utmost importance that the jury be properly instructed and particularly with respect to the defense of an alibi. On this question the jury was instructed that "the court instructs the jury that before a defendant can avail himself of the defense of an alibi, the proof must cover the whole time of the commission of the crime, so as to render it impossible or highly improbable, that the defendant could have committed the act, and unless the proof in a case covers the whole time, so as to render the commission of the crime by a defendant impossible or highly improbable, then that defense is not available to such defendant."

The defendant, relying on *Hoge v. People*, 117 Ill. 35, 6 N.E. 796; *People v. Gardner*, 4 Ill.2d 232; and *People v. Johnson*, 23 Ill.2d 465, 178 N.E.2d 878, contends that the giving of this instruction was prejudicial error. No objection to the instruction was made at the trial. We shall, however, consider the asserted error under ch. 110A, par. 451(c), Illinois Revised Statutes, which provides that substantial defects are not waived by failure to make timely objection thereto if the interests of justice require.

This instruction has had a troubled history but the question in the instant case has been resolved by the law set forth in the case of *People v. Johnson, supra.*

The People contend that the alibi instruction was proper, but if perchance it was defective such defects were cured by another instruction given by the trial court that clearly instructed the jury that proof of an alibi need be sufficient only to raise in the minds of the jury a reasonable doubt as to the guilt of the defendant. We agree that this instruction remedied the challenged instruction as far as burden of proof was concerned. However, there remains another defect which was not cured.

The testimony of the defendant covered the entire period of the commission of the crime and he argues that the effect of the instruction was either to disparage his testimony by suggesting it was not worthy of belief, or to suggest that there was some question concerning the sufficiency of the alibi other than the question of the veracity of the witnesses. See *People v. Pearson,* 19 Ill.2d 609, 169 N.E.2d 252.

■■ Under the instruction that was given, the jury could have concluded that the defendant's alibi witnesses were telling the truth but that the defense failed because the witnesses other than the defendant were unable to establish his whereabouts during the entire period when the crime was alleged to have occurred. The giving of the challenged instruction to the jury under the state of proof might well be taken by the jury as an indication by the court that there was some question as to the sufficiency of the alibi other than the question of the veracity of the witnesses. The only effect which the giving of this instruction could have in this case would be to mislead the jury and cause them to look with suspicion upon the testimony of the defendant. See *People v. Reno,* 324 Ill. 484, 155 N.E. 329; *People v. Braidman,* 323 Ill. 37, 153 N.E. 702; *People v. Frugoli,* 334 Ill. 324, 166 N.E. 129; *People v. Lacey,* 339 Ill. 480, 171 N.E. 544; *People v. Ryan,* 349 Ill. 637, 182 N.E. 803; *People v. Gardner, supra; People v. Johnson, supra.*

■■ The essential question for the jury was to determine which witnesses were telling the truth and the defendant was entited to have that question determined by accurate instructions.

Other errors have been alleged by the defendant but they are unlikely to reoccur upon a new trial and we find it unnecessary to discuss them.

The judgment of the circuit court of Will County is reversed and the case is remanded for a new trial.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.