THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK D. CICONTE, Defendant-Appellant.

(No. 60780;

First District (4th Division)—September 24, 1975.

Albert Brooks Friedman, Ltd., of Chicago (James H. Feldman, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Michael J. Goggin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

On October 9, 1968, petitioner, Frank D. Ciconte, was found guilty of burglary following a jury trial and sentenced to 5 to 15 years. A petition for post-conviction relief was filed on March 18, 1974. The petition was dismissed without an evidentiary hearing on motion of the State. Petitioner appeals.

The petitioner's primary contention is that he has been denied his constitutional rights in the following ways:

(a) That the prosecutor's closing remarks denied petitioner a fair trial and due process of law;

(b) That the petitioner was denied due process of law because the prejudice of the trial court prevented him from receiving a fair and impartial trial; and

(c) That the alibi instruction given by the trial judge denied petitioner due process of law.

Petitioner further contends that a new trial should be ordered or, in the alternative, that the post-conviction proceeding should be transferred to another judge.

Petitioners, under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, ch. 38, par. 122), must make a substantial showing that constitu-

tional rights have been violated. (*People v. Orndoff* (1968), 39 Ill.2d 96, 233 N.E.2d 378.) Whether the petition may be properly disposed of without an evidentiary hearing is to be determined by an analysis of the petitioner's allegations. He alleges that the prosecutor made two highly prejudicial remarks in his closing argument. The prosecutor referred to the petitioner as "Snuffy, the old pro." He based this reference on the fact that Mrs. Criscione, a neighbor and witness for the petitioner, had referred to the petitioner as "Stuffy." He used the term "old pro" in reference to the fact that the burglar had remained calm and slowly drove away from the scene of the crime and to the fact that the license plates on the petitioner's two cars had been switched. Secondly, the prosecutor questioned the whereabouts of a missing alibi witness. Two alibi witnesses, petitioner's wife and his neighbor, placed petitioner at his home the entire day until he took his son to the barber at 3 p.m. Testimony at trial revealed that the burglary occurred at approximately 1:45 p.m. In his closing argument the prosecutor commented: "* * * and if they are going to say where is so-and-so I can ask them where is the barber [where] you got your haircut?" We have examined the record thoroughly in reference to the prosecutor's closing argument and are of the opinion that neither the petition nor the record establish a substantial showing that petitioner's constitutional rights have been violated.

■■■ Petitioner urges that he was denied due process of law because the prejudice of the trial court prevented him from receiving a fair and impartial trial. He contends that the trial judge displayed his prejudice by granting more leeway to the prosecutor in the conduct of the trial. The trial court limited petitioner's re-cross-examination of Mr. Myers, the key prosecution witness, by permitting petitioner to ask one question. Petitioner was given leave of court to call back the witness pursuant to a subpoena and to ask the witness one question as per petitioner's request. The trial court drew the line at four questions and would not permit petitioner to refresh the witness' recollection. The general rule is that the boundaries of cross-examination are left largely to the discretion of the trial judge. A reviewing court will not interfere when a cross-examination has been kept within fair and reasonable limits. (*People v. Halteman* (1956), 10 Ill.2d 74, 139 N.E.2d 286; *People v. Dukes* (1957), 12 Ill.2d 334, 146 N.E.2d 14; *People v. Jones* (1975), 60 Ill.2d 300, 325 N.E.2d 601.) We are of the opinion petitioner has not shown a clear abuse of the trial court's discretion so as to be of constitutional magnitude. Petitioner has failed to show that the trial judge was in fact prejudiced against petitioner or that his alleged bias operated to deny him his right to a fair hearing.

■■ Petitioner further asserts that the alibi instruction given by the trial

court denied him his right to due process of law. Over petitioner's objection the court gave the following instruction:

"The jury is instructed that before the defendant can avail himself of the defense of an alibi the proof must cover the whole of the time of the commission of the crime and must be supported by such facts and circumstances in evidence, as are sufficient, when considered in connection with all the other evidence in the case to create in the minds of the jury a reasonable doubt of the truth of the charge against the defendant."

The prosecutor concedes that the granting of this instruction was erroneous. The question is raised as to whether this instruction destroyed the petitioner's presumption of innocence. The trial court further instructed the jury:

"The defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberation on the verdict and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence."

Petitioner relies on *People v. Pearson* (1960), 19 Ill.2d 609, 169 N.E. 2d 252, wherein the supreme court affirmed a defendant's conviction despite a similarly erroneous alibi instruction. In *People v. Smith* (1962), 25 Ill.2d 219, 184 N.E.2d 841, a similar alibi instruction was held not to imply that defendant's evidence was insufficient. Rather, the instruction was found to define the alibi concept as a basis of the defendant's defense. The alibi instruction given in the *Smith* case is substantially identical to the instruction given in the instant case. We are of the opinion that the presumption of innocence remained with the petitioner throughout the trial. The alibi instruction did not raise a question of sufficient constitutional magnitude so as to entitle the petitioner to a hearing under the Post-Conviction Hearing Act.

■■ Petitioner contends that a new trial should be ordered or, in the alternative, the post-conviction proceeding should be transferred to another judge. The right to a change of venue in a post-conviction proceeding is not absolute. (*People v. Jenkins* (1973), 11 Ill.App.3d 690, 297 N.E.2d 279.) The petitioner must allege facts which demonstrate that the judge he seeks to have removed is actually prejudiced against him and that the judge's bias operated to deny him his right to a fair trial. (*People v. Evans* (1967), 37 Ill.2d 27, 224 N.E.2d 778.) We are of the

opinion that the petitioner has failed to demonstrate that the trial judge denied him his right to a fair trial.

We have read the entire record presented to this court and are of the opinion the petitioner has not shown errors of such a sufficient constitutional magnitude so as to entitle him to relief under the Post-Conviction Hearing Act. Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.