(No. 19937⟩

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOWARD J. YATES, Plaintiff in Error.

*Opinion filed April 17, 1930—Rehearing denied June 6, 1930.*

JOHAN WAAGE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, and JOHN A. SWANSON, State's Attorney, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE SAMUELL delivered the opinion of the court:

Plaintiff in error, Howard J. Yates, was indicted by the grand jury of Cook county for robbery while armed with a revolver and was tried before a jury in the criminal court of that county, the trial resulting in a verdict of guilty. Motions for a new trial and in arrest of judgment were overruled and judgment was entered sentencing plaintiff in error to the State reformatory. He has sued out this writ of error to review that judgment.

The facts disclosed by the evidence are as follows: On December 20, 1928, at about 10:15 o'clock, P. M., the prosecuting witness, Earl Hostetter, the owner of a drug store at 4095 Belmont avenue, Chicago, was working at the soda fountain in the store. His wife was on her knees behind one of the show-cases sorting and arranging toilet articles. A young man entered the store, ordered a drink

and gave Hostetter a coin. While Hostetter was making change the customer drew an automatic pistol from his pocket and commanded Hostetter to "get over." After emptying the cash register the robber demanded to know where the rest of the money was, and when informed by Hostetter that it was in the other cash register, the robber compelled Hostetter, at the point of a pistol, to open the cash register, which was likewise emptied by the robber. Hostetter watched the robber's face throughout the hold-up and as he backed through the door of the store. The witness next saw the robber at the Albany Park police station about a month later, where he identified plaintiff in error from among three suspects as being the man who robbed him. At the trial the witness also positively identified plaintiff in error as being the robber. The only other witness for the People was John O'Malley, the officer who made the arrest.

Plaintiff in error rested his defense upon an alibi, three witnesses testifying that he was at the home of a Mrs. Bansfield from 8:00 until 11:00 o'clock on the night of the robbery, but he did not himself take the stand. The three witnesses, Mrs. Bansfield, her daughter Eloise, and a Mrs. James, testified that plaintiff in error arrived at the Bansfield house about 8:00 o'clock in the evening and remained there continuously until 11:00 o'clock. Five witnesses testified as to the previous good character and reputation of plaintiff in error.

In the cross-examination of People's witness O'Malley he was asked if there was any police record against plaintiff in error. An objection was sustained to the question. Plaintiff in error thereupon made O'Malley his witness and repeated the question. The witness answered that there was no record against plaintiff in error in the bureau of identification. On cross-examination by the assistant State's attorney the witness was asked if the arrest for the Hostetter robbery was the only arrest against the defendant.

Over objection of plaintiff in error the witness was permitted to state that he had arrested plaintiff in error for seven other robberies, and it is earnestly urged that this ruling of the court was error which should cause the reversal of the judgment. As a general rule, evidence of separate and distinct offenses having no connection with the issues being tried is inadmissible, and where the facts are close it is considered reversible error. In this case, however, counsel for plaintiff in error called O'Malley as his own witness and interrogated him regarding the police record of the defendant. A police record does not necessarily mean a record of convictions, but means any record kept by the police as to the persons apprehended by them and the charges against such persons. Since counsel for plaintiff in error had gone into the question of the police record it was the right of the People to go into the subject upon cross-examination, and it was not error for the court to allow the question to be answered.

It is next contended that the court erred in forcing plaintiff in error to stand trial immediately after his acquittal on another charge, the trial of which had occurred the day previously, and for the further reason that his counsel was in a state of near nervous collapse. No motion for a continuance was made upon the ground of illness of counsel or upon any other ground, and consequently there was no ruling of the court which may be reviewed. There being no motion for a continuance and no ruling of the court the question is not preserved and cannot be passed upon by this court. *People* v. *Braidman,* 323 Ill. 37.

In the affidavit filed in support of the motion for new trial it is alleged that counsel for the defendant was inexperienced, incompetent to represent the defendant, and that he was ill. The question of illness of counsel should have been presented to the court at or prior to the time the case was called for trial. An examination of the record fails to disclose any particular in which the alleged illness of

counsel interfered with his conduct of the case, nor does it convince us that counsel was incompetent to represent the defendant.

It is next urged that the court erred in the conduct of the trial in questioning one of the witnesses and in making certain statements in the presence of the jury. We have carefully examined the remarks and the questions complained of and find nothing objectionable. There was no lengthy questioning of witnesses, and the questions which were asked and the remarks made by the court were made for the purpose of assisting the witnesses.

During the examination of a witness for the defense a juror asked permission to speak with the court. The court then asked him if he knew someone, and the juror replied, "I know something is wrong in this court room." Thereupon the court, counsel for both sides and the juror retired to the judge's chambers, where the juror informed the court that there was a lady in the court room waving her hands and nodding her head to the witness. The parties then returned to the court room and the court cautioned the woman in question not to shake her head one way or the other. It is insisted by plaintiff in error that the remark of the juror and the subsequent warning by the court prejudiced his rights. We fail to see any force in this argument. The woman whose conduct brought forth the complaint by the juror was not a witness in the case, and, so far as disclosed by the record, was merely an onlooker. It does not appear whether she was attempting to influence the witness favorably or unfavorably to the defendant. Having had the matter brought to his attention it was the duty of the court to warn her against such conduct, and we fail to see where such warning could have prejudiced any of the rights of plaintiff in error.

It is finally contended that the evidence did not prove the guilt of plaintiff in error beyond a reasonable doubt. The evidence was irreconcilably conflicting, and it was

therefore a question for the jury to determine upon which side the truth lay. Plaintiff in error was positively identified by the complaining witness, who had a very good opportunity to observe his features and general appearance at the time of the robbery. Complaining witness unhesitatingly picked out plaintiff in error from among other suspects. Three witnesses testified that plaintiff in error was with them at the time of the robbery, and if they were to be believed then he could not have been guilty of the robbery. With such conflict in the evidence it was for the jury to determine what witnesses were worthy of belief, and this court will not substitute its judgment for that of the jury unless satisfied from all of the evidence that there is a reasonable doubt of the guilt of the accused. (*People v. Deluce,* 237 Ill. 541.) In this case we are not convinced that there is a reasonable doubt of the guilt of plaintiff in error, and the judgment is therefore affirmed.

*Judgment affirmed.*