(No. 23017.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HAROLD DEAL *et al.* Plaintiffs in Error.

*Opinion filed June 14, 1935—Rehearing denied October 9, 1935.*

F. M. GUINN, W. P. WELKER, and BYRON PIPER, for plaintiffs in error.

OTTO KERNER, Attorney General, PAUL TAYLOR, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Harold Deal and Clarence Lemmons have been twice found guilty by juries in the circuit court of Effingham county on a charge of armed robbery of a gasoline filling station. Their first conviction was reversed by us and the cause remanded (*People* v. *Deal,* 357 Ill. 634,) because of the erroneous admission of evidence that they had committed another crime and the improper argument of the State's attorney. We are asked by this writ of error to reverse their second conviction because, as they allege, they were not clearly identified, their alibi evidence raised a reasonable doubt of their guilt, and certain evidence for

the People to refute their alibi was erroneously admitted. No recitation of facts is necessary, as the details are fully described in our former opinion.

On the question of identification the record shows that the station agent, Leroy Martin, and his sister, Katherine, both had ample opportunity to observe the two robbers, who were unmasked. They testified positively that the two defendants were the robbers. The robbery had occurred about 9:00 o'clock, as Martin was preparing to lock up for the evening. The outside ledge of the station was lighted with thirty-six 100-watt electric bulbs. There were other lights inside the station. The robbers entered the station with drawn guns and told Martin to switch off all the lights. Due to a defect in an electric circuit Martin could only switch off eighteen of the lights along the ledge. The remaining eighteen continued to burn and reflected light through the windows and upper half of the station door. This gave sufficient illumination for Martin and his sister to clearly discern the features and garb of the robbers. The interruption which occurred when Martin's sister arrived during the hold-up gave him additional opportunity to observe Lemmons' features as he changed caps, put on the money-changer belt worn by Martin and walked outside to meet Katherine as she approached the station door. Four or five days after the robbery Martin and his sister were called to Greenville to look at a suspect. Martin had previously given the police a description of the two men, and before visiting Greenville was, in turn, given a description of the man they had picked up on suspicion. A group of nearly a dozen men were brought before Martin and his sister, and without any hesitation they picked Lemmons out of the number as one of the robbers. Several weeks later Martin and his sister went to Effingham to look at a second suspect and instantly picked Deal from among three strangers as the second robber. The identification of Lemmons by Martin was not rendered valueless because

the officer had previously given him a description of the man in custody. Immediately after the robbery Martin had given the sheriff a description of the robbers and Lemmons was taken into custody as a suspect because he fitted one of the descriptions. Martin's testimony as to the make and model of the automobile used by the robbers and the direction in which they fled after the crime is also substantiated by other proof. In our judgment the evidence as to the identity of Lemmons and Deal was reasonably satisfactory. We cannot say that the jury were not justified in giving full credence to the testimony of Martin and his sister. Their identifications were positive, and it was for the jury to say how much weight should be given to their testimony. *People* v. *Matthews,* 359 Ill. 171; *People* v. *Gasior,* id. 517; *People* v. *Fortino,* 356 id. 415; *People* v. *Williams,* 242 id. 197.

Both defendants interposed an alibi defense and carried their testimony on direct examination only to the hour of 9:00 o'clock P. M., the time of the robbery. Lemmons testified that he spent the evening in question with a girl friend, Olive Robertson, at a bakery in Vandalia, remaining with her from 4:00 o'clock in the afternoon until 9:00 o'clock that evening, excepting about fifteen minutes spent in a saloon next door. Three other witnesses testified that Lemmons visited the saloon between 7:00 and 8:00 o'clock. Another witness was not positive as to the time but could only say that Lemmons was in the place during the evening. Olive Robertson testified that Lemmons remained in the bakery with her from 4:30 until after midnight, except for a fifteen-minute absence while he visited the saloon about 8:30. Deal's proof of alibi concerned an engagement that evening with three friends: Miss Irene Engle and Mr. and Mrs. Willie Graubaugh. He and they testified that they were all together from 7:00 o'clock until around midnight on the evening in question. The Graubaughs were good friends of Deal, Irene was his sweet-

heart, and all three admitted on the stand that they were deeply interested in the outcome of the case.

Alibi is an affirmative defense. Where, as here, the corpus delicti is proved, together with evidence tending to show the guilt of the defendants, and an alibi defense is interposed, the burden of establishing the alibi is upon the defendants, although on the whole case their guilt must be proved beyond a reasonable doubt. (*People* v. *Wisz,* 360 Ill. 126.) The rule of law on the question of an alibi is the same as that for other defenses. (*People* v. *Gasior, supra.*) From the verdict reached it is apparent that the jury were not convinced by the alibi evidence that Lemmons and Deal were absent from the scene of the crime. The question resolves itself largely into one of credibility and weight of the testimony. From a review of the record we cannot say that the alibi evidence raised a reasonable doubt of defendants' guilt or that the jury were not justified in discounting the weight to be given to the testimony of their intimate and interested friends. Where the defense is alibi and the evidence is conflicting, the truthfulness of the witnesses and the weight of their testimony rest primarily with the jury or trial court, and we will not substitute our opinion for theirs unless satisfied there is reasonable doubt as to the guilt of the accused. *People* v. *Mangano,* 356 Ill. 178.

In an effort to contradict the testimony of defendants and their principal alibi witnesses the People on cross-examination inquired how long they remained at their respective places of alibi after 9:00 P. M. The witnesses then testified that they were together constantly until about midnight, and that Lemmons and Deal were not together at any time or out of Vandalia during the evening. In rebuttal the People produced two witnesses who testified that they saw Lemmons and Deal at Mulberry Grove at 11:30 P. M. the same night. This is the testimony claimed to have been erroneously admitted by the trial court. Two

other witnesses, Albert Durr and Eckard Durr, testified that Lemmons and Deal were both together in Albert Durr's place of business at Mulberry Grove at 7:30 P. M. that evening. The Durrs were retail merchants, while Miller and McMasters were two farmers living near Mulberry Grove. Their testimony made no reference to any previous crime, and it was all properly admitted to refute the alibi testimony which preceded it. A defendant on cross-examination may be asked about details which will throw light upon the essential facts referred to in his examination in chief, and if he omits some details and features of what happened on a given occasion about which he testifies such facts may be brought out on cross-examination. (*People* v. *Miller*, 342 Ill. 244.) In our former opinion (*People* v. *Deal, supra*, at page 641,) we said: "It was competent to show in contradiction of the testimony of the defendants and of their evidence of an alibi, that they were in Mulberry Grove on the occasion in question," etc.

Lemmons and Deal were positively identified and no reversible error was made by the trial court in admitting or excluding evidence. The proof of alibi, while well supported, was also contradicted. Under such circumstances of conflicting testimony it was the province of the jury to determine the credibility of witnesses and the weight of the evidence. (*People* v. *Novak*, 343 Ill. 355.) Unless we can say that the jury were not justified in returning a verdict against the defendants it is our duty not to disturb the verdict. (*People* v. *Martin*, 304 Ill. 494.) Where, as in this case, the record discloses sufficient credible testimony to warrant a conviction and the verdict is not palpably contrary to the weight of the evidence, we will not substitute our judgment for that of the jury. *People* v. *Kidd*, 357 Ill. 133; *People* v. *Tamborski*, 356 id. 11; *People* v. *Anderson*, 355 id. 289.

The judgment is affirmed.                *Judgment affirmed.*