(No. 28105.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN MOCKO, Plaintiff in Error.

*Opinion filed Nov. 22, 1944—Rehearing denied Jan. 15, 1945.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and EDMUND B. GRANT, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In an indictment returned to the criminal court of Cook county plaintiff in error was charged with the crime of taking indecent liberties with a female child eleven years of age. On a trial with a jury he was found guilty

and sentenced to the penitentiary for the indeterminate term of from one to twenty years. He has sued a writ of error out of this court to review the record of his conviction. As grounds for reversal he urges that there was a fatal variance between the proof and the allegations of the indictment and that the evidence does not establish his guilt beyond a reasonable doubt.

The evidence shows that a few days prior to October 14, 1942, two police officers of the city of Chicago were assigned to duty in the vicinity of Nineteenth place and May street. These officers testified that while engaged in the performance of their duties at such place on the afternoon of October 14, they saw plaintiff in error near said intersection, that they followed him and later saw the prosecutrix go with him into a garage building. The officers drove their automobile to the garage and after covering both exits entered the garage and took plaintiff in error and prosecutrix into custody. They did not testify as to seeing the plaintiff in error commit the crime charged but stated that they saw a blanket spread on the floor, which was in corroboration of the evidence of prosecutrix. Plaintiff in error denied he attacked the girl in the garage. He testified that she followed him into the building without his knowledge, that she asked him for money and as he was expelling her from the garage one of the officers entered. It is conceded that if the acts of plaintiff in error as testified to by prosecutrix were true, they are sufficient to constitute the crime charged. Prosecutrix testified that plaintiff in error had committed the same acts in the garage earlier in October and at other times extending back to the month of June. Another girl about the same age as prosecutrix corroborated her as to such other offenses. Plaintiff in error denied having committed such other offenses. Other evidence introduced on behalf of plaintiff in error included the testimony of several witnesses who testified as to his good moral character.

On cross-examination of prosecutrix she was asked questions as to the testimony she gave at the preliminary hearing. There was a discrepancy between her answers on the previous hearing and in the present trial. This discrepancy is adopted by plaintiff in error as the basis for his claim that there was a variance between the proof and the allegations of the indictment. On the trial she testified as to what plaintiff in error did on October 14 before the police entered the garage, which, as stated, contained the essential elements of the crime charged. On cross-examination at the preliminary hearing, she stated that the police entered the garage before plaintiff in error had committed any acts upon her. It is contended that such discrepancy rendered prosecutrix's evidence incredible and that the introduction of evidence of other offenses left the jury no choice except to find him guilty of one of the prior offenses. It is argued that to find plaintiff in error guilty it was essential that the evidence show that the crime was committed on the date alleged, that is, October 14, 1942. The evidence of other offenses was admissible only for the purpose of showing the relation of the parties and plaintiff in error's course of conduct leading up to the offense charged. The proof of the discrepancy in prosecutrix's evidence given on the two occasions went to the credibility of the witness and the weight to be attached to her testimony. These were questions for the jury. If the jury believed her testimony was true, as given in the instant trial, then the date alleged was proved. An instruction as tendered by plaintiff in error told the jury that the specific charge was that defendant took indecent liberties with prosecutrix on October 14, 1942, and if the evidence failed to prove such indecent liberties were taken on that day, it should find the defendant not guilty irrespective of any alleged acts of misconduct on any other day. In view of this instruction, the jury could not have misunderstood the purpose for which the evidence of previous acts

of misconduct was admissible and the application to be made of it.

There is a conflict in the evidence, but the evidence of prosecutrix is corroborated in part by the evidence of the police officers and two girls about her age. Under such circumstances, the law commits to the jury the determination of the credibility of the witnesses and of the weight to be accorded to their testimony, and, when the jury has performed its function and the record is reasonably clear of prejudicial errors, the court will not substitute its judgment for that of the trial court. (*People* v. *Bolger,* 359 Ill. 58; *People* v. *Mangano,* 356 Ill. 178.) The evidence is sufficient to sustain the verdict.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*