(No. 29896.—

The People of the State of Illinois, Defendant in Error, *vs.* Isaac Washington, Plaintiff in Error.

*Opinion filed May 22, 1947.*

Louis L. Gould, and Stephen Lee, both of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, of Springfield, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and W. S. Miroslawski, all of Chicago, of counsel,) for the People.

Mr. Justice Thompson delivered the opinion of the court:

An indictment was returned in the criminal court of Cook county at the April term, 1946, against plaintiff in error, Isaac Washington, hereinafter referred to as the defendant, charging him with the crime of the murder of Lazarus Whitehead. He entered a plea of not guilty and after trial before the court, jury being waived, he was sentenced to the penitentiary for thirty-five years, the sentence later being set aside and defendant sentenced for a term of twenty years.

The record discloses that on April 30, 1946, defendant appeared in open court with his counsel, was furnished with a copy of the indictment, a list of jurors and of the People's witnesses, at which time he entered a plea of not guilty. The cause was continued to June 3, at which time the defendant and his counsel waived the intervention of a jury. The defendant signed a jury waiver and the cause proceeded to trial before the court. The court after hearing all of the evidence found the defendant guilty as afore-

said and after motions for a new trial and in arrest of judgment were overruled defendant was sentenced to imprisonment in the penitentiary as above indicated.

Errors assigned by which a reversal of the judgment is sought are: (1) That defendant did not substantially waive his right to trial by jury; (2) that there was a lack of proof of the essential element of malice; and (3) that the evidence shows the defendant acted in self-defense.

It is first urged by the defendant that he did not substantially waive his right to trial by jury, and this being brought to the court's attention, the court reduced the sentence. It is contended that under such circumstances a new trial should have been ordered. The record discloses in this case that the trial judge, at the time the defendant waived a jury trial and requested that his cause be tried before the court, was exceedingly careful in explaining to the defendant his rights in this regard. The defendant, while represented by counsel of his own choosing, was brought before the court and the following procedure ensued:

"Court: What is the charge?

"Mr. Evins: Murder.

"Court: What is your name?

"The defendant: Isaac Washington.

"Court: You are charged with murder. Under the law you are entitled to a trial by jury. You may waive a jury if you wish and be tried by the court. I want you to know that if I find you guilty without a jury I can sentence you to the penitentiary for from one year to life or any number of years, is that clear?

"The defendant: Yes sir.

"The court: Do you want a court or jury trial?

"The defendant: A court trial."

Defendant cites the case of *People ex rel. Swanson* v. *Fisher,* 340 Ill. 250, and contends that the rule there laid down was violated in the instant case. In that case the

court, at page 265, said: "Upon the trial court is imposed the duty to see that an accused person's election to forego such a trial is not only expressly but also understandingly made. The performance of that duty involves a responsibility which cannot be perfunctorily discharged." We are in full accord with this rule and from a review of the record here find that the trial judge complied with the requirements of that case.

The sentence was reduced from thirty-five to twenty years. The court indicated that because the assistant State's Attorney had suggested to defendant that he waive trial by jury, whatever was said may have induced or encouraged him to waive such right. Defendant urges that because of this a new trial should have been granted. There is no showing as to what the conversation consisted of or that any promise or threat was made by the assistant State's Attorney to the defendant. As previously pointed out, it does not appear that any advantage was taken of the defendant. Trial by jury was waived after full explanation by the court, and this in the presence of defendant's counsel. It was within the discretion of the trial judge to fix the punishment as the circumstances of the case warranted and to reduce the punishment when, in the interest of justice and fairness, such action was indicated.

It is next urged by defendant that there is a lack of proof of the essential element of malice and also that the evidence shows the defendant acted in self-defense.

The record discloses that on March 31, 1946, Lazarus Whitehead, the deceased, was in a booth in a tavern known as the Cozy Inn Tavern in the city of Chicago, where defendant's divorced wife was employed. Even though divorced, defendant and his former wife continued to live together. Deceased, apparently, had become interested in defendant's former wife and defendant was resentful of this attention. The evidence reveals that Whitehead came into the tavern on the above date while defendant was

there; that defendant left the tavern in a short time and went to his truck parked in front, where he remained approximately thirty minutes; that deceased came out of the tavern by a side or back door, came around the side to the front of the tavern and was shot by the defendant.

Defendant contends that he killed the deceased while acting in self-defense; that he had previously been advised that the deceased was carrying a gun for him. He testified that deceased came around the corner of the tavern running toward him while he was standing near his truck, telling him he was going to kill him; that he ran to the side of his truck, secured a pistol and shot the deceased twice. On the People's side the evidence reveals the deceased was not armed but was only carrying a small pocket knife and had nothing in his hands at the time of the shooting; that immediately after the shooting the defendant fled from the scene of the crime, removed and threw away his coat and remained away from his home. He later surrendered and gave his gun to the police. It does not appear that such evidence supports the defendant's plea that he was acting in self-defense. The facts in this case were submitted to the trial judge and the law has committed to him, where a cause is tried without a jury, the determination of the credibility of the witnesses and the weight to be accorded to their testimony, and where the evidence is merely conflicting, this court will not substitute its judgment for that of the trial court. *People* v. *Franklin*, 390 Ill. 108; *People* v. *Bolger*, 359 Ill. 58; *People* v. *Mangano*, 356 Ill. 178.

Defendant's contention that the conviction cannot be sustained because of the lack of proof of malice is without merit. Express malice need not be shown. Malice may be implied where no considerable provocation appears and all the circumstances show an abandoned and malignant heart. (*People* v. *Brown*, 288 Ill. 489.) It appears that

under the evidence here the facts are sufficient upon which to imply malice.

The trial having been before the court, and in view of the fact that no substantial error affecting the rights of the defendant appears in the record, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*