**People of the State of Illinois, Plaintiff-Appellee, v. Raymond White, Defendant-Appellant.**

**Gen. No. 51,013.**

First District, First Division.

May 26, 1967.

Charles J. Durham, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Ronald Sandler, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a jury trial, defendant was convicted of an attempt to commit murder and was sentenced to a term of 17 to 20 years. On appeal defendant contends "that the Court forced counsel upon the defendant and thereby denied defendant counsel of his choice and allowing one to represent the defendant who was not appointed and not of record."

The record shows that the indictment was returned January 11, 1965. Defendant was arraigned on January 18, 1965, at which time he was represented by Bellows, Bellows and Magidson. On March 9, the Bellows firm was granted leave to withdraw, and an order was entered appointing the Public Defender of Cook County as counsel for the defendant. On April 5, 1965, the Public Defender was given leave to withdraw, and Richard Hall, a Chicago Bar Association attorney, was appointed, and he filed his appearance on that date. On April 20, 1965, a motion was made by "Charlotte Adelman and Richard Hall," as attorneys for defendant, to advance and reset the case for trial and for a bill of particulars. On June 4, 1965, a subpoena duces tecum against O. W. Wilson, Superintendent of Police, was issued on a motion of Richard W. Hall.

On June 8, the court denied defendant's motion to dismiss his counsel and ordered that the cause be "Held on Call day to day." On June 14, the court ordered that the "Behavior Clinic of the Circuit Court of Cook County"

179

examine the defendant as to his mental condition. On June 22, 1965, a motion to dismiss counsel was made, and in denying the motion the court said, "I regard Mr. Hall as a highly competent attorney. He has practiced in this court before. He is exceptionally diligent. He is able. Your motion to discharge him was made at the very moment you were about to go to trial. It is not made in good faith in the opinion of this Court. . . . At this time, the cause having been held on call from day to day, commencing yesterday and we are ready for trial, and you stated that you do not want to be represented by Mr. Hall and Miss Adelman, so you have your choice to proceed as your own counsel, if you wish, or to continue with them as your counsel in view of the diligent effort they have been expending in your behalf, or to represent yourself with their advice as your counsel. What is your choice, Mr. White?", to which defendant replied, "I have no choice. I am not going to represent myself, and Mr. Hall, and his associate aren't going to represent me because they are not of my choice, and I don't want them representing me." The court further remarked, "You have had three different sets of counsel in this case." After further colloquy between the court, defendant and Mr. Hall, the court directed that the trial proceed and the selection of a jury commenced. After voir dire examination of several prospective jurors, defendant interrupted and told the veniremen that Mr. Hall was not his attorney. The court, after a discussion with defendant, dismissed the venire and proceeded with a new venire, and the trial proceeded to a verdict.

During the trial, defendant's wife was called as a witness for the State, and while she was being examined, the defendant stated, "I would like to let the jury know that they are forcing my wife into this. She does not want to testify against me and they are forcing her." The court declared a recess, and the attorney for the defendant made a motion for a mistrial, which the court

denied stating, "I warned the defendant the other day if he tried any stunts to disrupt this trial to obstruct justice that he would be punished," after which the court sentenced defendant to a year in the County Jail for direct contempt.

Also, during the trial and out of the presence of the jury, the court remarked that Mr. Hall and Miss Adelman ably represented defendant and stated, "He has done far more work in this case than ordinarily would be expected of any defense counsel, him and Miss Adelman," and admonished defendant to cooperate with them. At the hearing in mitigation and aggravation, the court remarked, "You, Mr. Hall and Miss Adelman, did a remarkable job with what you had to work with in this case. You devoted yourselves assiduously to the investigation of the case and you fought this case as hard and presented it as well as any defense counsel could possibly do. I compliment you both for it. I think you showed exceptional diligence and capability in endeavoring to do the utmost for your client."

Defendant states that he does not contend that counsel was not provided for him, but that "his appointed counsel was so obnoxious toward him and his defense that there was a total destruction of communication between them; that the association of counsel and client was so antagonistic it was utterly impossible for any cooperation which would result in an effective defense of the defendant. Under these circumstances it was as if the defendant had no counsel at all, and the refusal of the Court to strike the appointment and appoint other counsel was in effect a denial to the defendant of counsel. . . . Defendant made no specific request for any particular lawyer and doesn't assert that he has such a right, but he contends that it is fundamentally unfair to force him to trial with a lawyer that is totally unacceptable to him."

To support his contention that he was denied due process of law, defendant's authorities include the Sixth

and Fourteenth Amendments of the Constitution of the United States, and Gideon v. Wainwright, 372 US 335. Glasser v. United States, 315 US 60, is cited to show "the failure of that court to make an effective appointment of counsel, may so offend our concept of the basic requirements of a fair hearing as to amount to a denial of due process of law contrary to the Fourteenth Amendment."

Defendant also argues that the court improperly allowed Miss Adelman to participate in the proceedings without an appointment or filing of appearance, and "it was not fair for the trial judge to force Miss Adelman on the defendant."

The State asserts that there is clear proof in evidence that defendant's attorney acted diligently and was in close and harmonious communication with defendant, and that defendant made his first request for change of counsel on June 8, 1965, when he appeared on that date for trial, although Mr. Hall had been defendant's attorney for a period of at least two months.

Authorities cited by the State include People v. Jones, 51 Ill App2d 391, 201 NE2d 194 (1964) (p 395):

> "The indigent defendant has a right to be represented by counsel, but he does not have a right to experiment with various supplied counsel to the detriment of the orderly processes of the law."

Also cited is People v. Gray, 33 Ill2d 349, 211 NE2d 369 (1965), where the court said (pp 353–354):

> "While constitutional requirements obligate society to supply an indigent defendant's need for counsel, (Gideon v. Wainwright, 372 US 335, L Ed2d 799, 83 S Ct 792), it is neither constitutionally necessary nor legislatively intended that selection of appointed counsel shall be unqualifiedly vested in the defendant. Such interpretation would enable defendants to delay

182

trial by alienating successive appointed nonpublic defender attorneys until they withdraw or until one is appointed who agrees with defendant's particular trial tactics and strategy regardless of the propriety thereof. Such is not the legislative intent. Once a nonpublic defender attorney is appointed, pursuant to defendant's request, he has no further right to have another appointed after the withdrawal of the first in the absence of a clear showing of incompetence or prejudice to the defendant. He must then accept a competent attorney selected by the court, whether public defender or otherwise."

And on page 355:

"The question of competency of counsel is one of fact and cannot be based solely upon assertions, . . . Moreover, it is well settled that '[t]o warrant a reversal because of incompetency of counsel, the record must clearly establish not only that counsel performed his trial duties in an incompetent manner, but also that defendant was substantially prejudiced thereby.' "

We have examined the transcript of the testimony and the trial proceedings. It is our observation that the defendant was ably represented through the trial. Although Miss Adelman presented several preliminary motions, the record does not indicate that she actively participated in the trial, and defendant failed to show any prejudice by her activities in his defense. At the trial, Mr. Hall diligently presented objections on behalf of defendant and extensively cross-examined the State's witnesses. The record reflects the soundness of the court's complimentary appraisal of the conduct of defendant's defense by both Mr. Hall and Miss Adelman. Defendant was given a fair trial with the effective assistance of competent counsel.

Therefore, in the absence of a showing that defendant's counsel performed his trial duties in an incompetent manner or that defendant was substantially prejudiced thereby, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.