THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD JOHN VAN PELT, Defendant-Appellant.

(No. 72-135;

Third District—April 17, 1974.

*Rehearing denied May 16, 1974.*

John T. Moran, of Chicago, for appellant.

F. Stewart Merdian, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Donald John Van Pelt, referred to hereinafter as the defendant, was indicted by a grand jury of Rock Island County for the crime of armed robbery. After trial by jury the defendant was found to be guilty and he was sentenced to a term of not less than 10 nor more than 30 years in the penitentiary. A recital of the facts regarding the defendant's alleged crime will be set forth as they become pertinent to the issues raised in this appeal.

The first contention of the defendant is that the trial judge erred in not disqualifying himself when after a jury had been selected he received an oral communication from defense counsel that he, the judge, at a previous time, to-wit, in the year 1964, had served as a State's Attorney and had prosecuted the defendant in a criminal action.

■■ The Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 114—5(c)) provides that "any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion." The change of venue statute, while liberally construed, cannot be read so as to contravene its express provisions and the applicants are held to the statutory requirements. A defendant must show cause and his motion for change of venue must be supported by affidavit. (*People v. Tucker,* 3 Ill.App.3d 273, 278 N.E. 2d 141.) While the defendant in the instant case may well have had the requisite cause to support a motion for change of venue, he failed to comply with the statutes in that his motion was made orally and there was a failure to support it by affidavit which is a specific requirement. Further it is clear from the record that the defendant had knowledge 1 full week prior to trial as to what judge had been assigned to hear his case; yet he did not make his objections known until after the jury had been completely selected. A petition for substitution of judge must be filed at the earliest practicable time. (*People v. Lawrence,* 29 Ill.2d 426, 194 N.E.2d 337, *cert. denied* 376 U.S. 946, 11 L.Ed.2d 770, 84 S.Ct. 804 (1964); *People v. Jones,* 51 Ill.App.2d 391, 201 N.E.2d 194.) It has been held that a motion for change of venue comes too late when made after the selection of a jury has been completed. *People v. Scott,* 63 Ill.App.2d 232, 211 N.E.2d 418.

■■ The defendant in support of his argument that the trial judge should have disqualified himself would have us interpret Supreme Court

Rule 67 (Ill. Rev. Stat., ch. 110A, sec. 67 (effective March 15, 1970)) as requiring such disqualification. This rule provides that a judge shall not participate in any case in which he had previously acted as counsel. In the instant case the trial judge had not previously acted as counsel *in the case before him* and therefore no violation of the rule had occurred. (Emphasis ours.) In the instant case the defendant was convicted after a mistrial had occurred on the same charge. The trial judge specifically stated that he "knew nothing" about the defendant's first trial and the allegations to the contrary set forth in the defendant's brief are not supported by the record. We cannot agree with the defendant that reversible error was committed by the trial judge when he refused to substitute another judge for himself during the trial of the defendant.

The defendant next assigns as error that his representation by an attorney not licensed to practice law in the State of Illinois was so ineffective as to constitute a denial of due process of law.

■■ This court has held that a defendant is not denied effective assistance of counsel merely because his attorney was not licensed to practice in Illinois. (See *People v. Cornwall*, 3 Ill.App.3d 943, 277 N.E.2d 766.) The defendant contends that *People v. Morris*, 3 Ill.2d 437, 121 N.E.2d 810, is authority for his allegations of incompetency of counsel. In examining *Morris* we find that the court stated:

> "There are many Illinois cases where alleged incompetency of counsel has been urged on writ of error as a reason for setting aside a conviction. There are two broad categories of these cases: (1) cases wherein the defendant was represented by counsel of his own choice, and (2) cases wherein the defendant was represented by counsel appointed by the court. A different rule has evolved for each type of case.
>
> &ast; &ast; &ast;
>
> 'Ordinarily, a defendant who retains counsel of his own selection is responsible if that counsel does not faithfully serve his interest. Any other rule would put a premium upon pretended incompetency of counsel; for, if the rule were otherwise, a lawyer with a desperate case would have only to neglect it in order to ensure reversal or vacation of the conviction.'" *People v. Morris*, 3 Ill.2d 437, 444, 121 N.E.2d 810.

In the instant case the defendant was represented by retained counsel and an examination of the record discloses that the representation afforded him was far from questionable as far as competency was concerned. On the contrary it is clear that the defendant was ably and diligently represented. Prior to trial defense counsel filed numerous motions on the defendant's behalf, including a motion for bill of par-

ticulars, a motion to quash the indictment, a motion for a list of the state's witnesses and additional information pertaining to the exact time and date of the offense charged. In addition to the foregoing defense counsel filed and argued a motion to dismiss pursuant to the 120-day rule. During the course of the trial counsel for the defendant made timely objections, a number of which were sustained.

■■ It is noted that the defendant had employed the same counsel on a previous occasion, to-wit, in 1964. We cannot agree with the defendant in his contention that the representation provided him was of such low caliber as to amount to no representation at all, for such is clearly not the case.

The defendant further contends that a prosecution witness was asked outside the courtroom if he recognized the defendant seated in the courtroom.

The record shows that an occurrence witness, one Jens Johansen, stated on cross-examination that he was brought to the door of the courtroom and told to look through it at the defendant because the State wanted to know if he recognized the accused. He stated that he did not know the person who brought him to the door. Three other witnesses positively identified the defendant as the armed robber and Johansen stated on direct examination that the defendant resembled the robber except that his beard was longer and his hair lighter.

We do not agree with the defendant that under the circumstances surrounding the witness Johansen's identification of him from a position outside the courtroom that we had a situation that constituted a "lineup" or "showup" so as to require the presence of counsel. (See *People v. Catlett*, 48 Ill.2d 56, 268 N.E.2d 378.) Three other witnesses positively identified the defendant and while the inquiry made of Johansen was unnecessary and irregular we do not consider it to be of such import as to permit it to vitiate a conviction which was otherwise based upon strong eyewitness identification. (See also *People v. Tuttle*, 3 Ill.App.3d 326, 278 N.E.2d 458.) The record in this case is replete with personal observations of all witnesses including Johansen during the commission of the crime which adequately illustrates an independent origin of their in-courtroom identification.

■■■ It is further contended by the defendant that error was committed when he was absent during a conference on instructions and during which a defense motion to dismiss proceedings against him pursuant to the 120-day rule was heard and denied. We note that no error is alleged in this appeal as to the correctness of the court's ruling in denying the defendant's motion to dismiss. It is apparent that any delay in trying the defendant after his first trial resulted in a mistrial was occasioned

by his counsel being unavailable since he was scheduled to appear in other courts for the purpose of representing other clients. The schedule of the defendant's counsel was a matter outside the defendant's knowledge and had he been present he could not have offered testimony or contradicted testimony on this subject. The privilege of a defendant to be present in person during his trial does not guarantee a right to be present when such presence would be useless. (*People v. Longstreet*, 2 Ill.App.3d 556, 276 N.E.2d 825.) In the case of *Snyder v. Massachusetts*, 291 U.S. 97, 78 L.Ed. 674, 54 S.Ct. 330, Justice Cardozo provides an excellent discussion of the principle underlying the court's decision regarding the scope of the defendant's right to be personally present during his trial. The rule there announced is that "in a prosecution for a felony the defendant has the privilege under the Fourteenth Amendment to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge." (291 U.S. at 105, 78 L.Ed. at 678, 54 S.Ct. at 332.) In the instant case we fail to see where the defendant's presence during a conference on instructions at which time a motion under the 120-day rule was argued would have in any way enhanced his defense.

The defendant further assigns as error the trial court's ruling which permitted the State to introduce evidence for the purpose of rebutting alibi testimony which the defense had introduced. This issue must be examined in the light of the sequence of events as to the alleged crime, the defendant's alibi and the State's rebuttal evidence. The indictment in the case charged the defendant with the commission of an armed robbery in the Rock Island area on April 4, 1971. The State pursuant to section 114—14 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, sec. 114—14), filed a request for notice of any alibi defense. An answer to this request was subsequently filed by defense counsel which indicated an alibi defense which would be supported by three named witnesses. The gist of the alibi defense was that the defendant was working in the Chicago area for several days prior to and during the time of the crime he allegedly committed.

██ After the trial commenced the State presented testimony from four eyewitnesses that the crime in question had occurred at approximately 1:30 A.M. to 1:45 A.M. on April 4, 1971. Alibi witnesses testified that the defendant was in Park Forest and the Chicago area from April 1 to April 5, 1971. Rebuttal testimony was presented by the State which placed the defendant in the Rock Island area at 11 A.M. or in the early afternoon of April 3, 1971. It is the defendant's contention that such rebuttal testimony is immaterial as to the issue concerning his whereabouts at the time of the alleged crime and that the trial court

should have excluded it. In support of this contention the defendant cites the cases of *People v. Cage*, 34 Ill.2d 530, 216 N.E.2d 805, and *People v. Hicks*, 133 Ill.App.2d 424, 273 N.E.2d 450. We fail to find these cases applicable since in each the error committed by the prosecution was the introduction of evidence as to other crimes which necessarily prejudiced the trier of facts. We believe the rebuttal testimony presented by the State in the instant case was proper since its purpose was to establish the defendant's presence in the vicinity of the alleged crime after alibi testimony in his behalf was to the effect that he was in the Chicago area continuously, prior to, during and after the date and time of the crime in question. Where the defense is alibi and the evidence is conflicting, the truthfulness of the witnesses and the weight of their testimony rests primarily with the jury or trial court and we will not substitute our opinion for theirs unless satisfied there is reasonable doubt as to the guilt of the accused. See *People v. Deal*, 361 Ill. 225, 197 N.E. 772; *People v. Mangano*, 356 Ill. 178, 190 N.E. 316.

The defendant also argues that he was not proven guilty beyond reasonable doubt since the identification testimony adduced at his trial was insufficient. The defendant presents a well-recognized rule of law that "where a conviction of an accused rests upon identification which is doubtful, vague and uncertain,, and which does not produce an abiding conviction of guilt it will be reversed." As we have stated, we recognize this rule but do fail to see its applicability in the instant case. Three of four witnesses positively identified the defendant as the armed robber who they actually viewed at the scene of the robbery. The armed robber was unmasked at the the scene of the crime and in close proximity to the witnesses who made a positive in-court identification. It is not the function of our court to make a determination of the credibility to be attached to the testimony of various witnesses; that is the responsibility of the triers of fact whose findings will be reversed only when the evidence is so unsatisfactory as to leave reasonable doubt of the defendant's guilt. (*People v. Taylor*, 8 Ill.App.3d 727, 290 N.E.2d 342.) "[T]he positive testimony of even one witness, if credible, is sufficient to convict" and precise accuracy in describing facial characteristics is unnecessary where identification is positive. *People v. Catlett*, 48 Ill.2d 56, 63, 268 N.E.2d 378.

The defendant complains of the identifications made by the witnesses from photographs on the basis that once witnesses view photographs of a defendant, thereafter they are prone to identify the defendant because of his resemblance to the photograph and not from an independent recollection of the occurrence. In the instant case we do not find such suggestiveness present. The witnesses viewed several photo-

graphs, separately and independent of each other and all four witnesses selected the defendant's picture. The propriety of using prearrest photographic procedures has been approved by the Illinois courts. *People v. Covington*, 47 Ill.2d 198, 265 N.E.2d 112; *People v. Hoffman*, 7 Ill.App. 3d 146, 287 N.E.2d 219; *People v. Young*, 131 Ill.App.2d 113, 266 N.E.2d 160.

We find no merit to the defendant's argument that he had an unimpeachable alibi. The jury was not required to believe the alibi defense when it was controverted by other witnesses. See *People v. Taylor*, 8 Ill.App.3d 727, 290 N.E.2d 342; *People v. Wright*, 126 Ill.App.2d 91, 261 N.E.2d 445.

■■ Again we must disagree with a contention of the defendant in that the record in this case supports a finding that he was proven guilty beyond a reasonable doubt.

■■ Lastly we are presented with an argument that the sentence imposed upon the defendant is excessive. The sentence of not less than 10 nor more than 30 years in the penitentiary falls within the statutory penalty provisions which could be imposed, but is its severity such as to defeat the concept of rehabilitation? We believe not, since from the record we find that the defendant has been convicted of five felonies in a span of slightly more than 12 years. The defendant can only be classed as a recidivist who has repeatedly failed to rehabilitate himself. Under the facts presented we do not believe a reduction of sentence is warranted. See *People v. Hayes*, 52 Ill.2d 170, 287 N.E.2d 465.

For the reasons set forth the judgment of the circuit court of Rock Island County and the sentence imposed thereon is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.