THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALLEN MEDLEY, Defendant-Appellant.

Fourth District   No. 13662

Opinion filed January 6, 1977.

Richard J. Wilson and Barbara A. Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (J. William Roberts, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

In a jury trial, defendant Allen Medley was found guilty of armed robbery, a violation of section 18—2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 18—2). He was sentenced to an indeterminate imprisonment term with the minimum set at 4 years and the maximum set at 7 years. The only issue raised on appeal is whether the trial court erred in hearing and ruling upon defense counsel's motion in limine outside defendant's presence.

Defendant and another person were charged with the May 26, 1975, armed robbery of the D & M Sandwich Shop in Springfield, Illinois. Defendant brandished a gun during the robbery in which approximately $10 to $15 was taken. A waitress, Artmintis Higgins, called the police and gave a description of the escape vehicle. A short time later, the police found a car matching the description, gave chase to the occupants, and captured the defendant.

At trial, Ms. Higgins positively identified the defendant and described him as being about five feet, eight inches tall. After the State had rested its case, at the request of counsel for the defendant, the trial judge, the prosecutor, and the defense counsel met in chambers out of the presence of the jury and the defendant, and the following colloquy ensued:

"THE COURT: The record may show, present in chambers the counsel for the Defendant, Walter Kasten, and counsel for the People, Mr. Don Cadigan, and that this proceeding is out of the presence of the Defendant at the request of counsel for the Defendant.

[DEFENSE COUNSEL]: I have talked with the Defendant at some length and also reached the point whether to put the Defendant on the stand. Because of some things the Defendant said to me I don't want to put him on the stand even though he expressed kind of halfway desire to testify. One of the reasons I can't—don't want to put him on the stand and most important is that he's just not very smart and you [sic] have a terrible time even when I talk to him upstairs, I'd have a terrible time getting answers out the information I'd ask [sic] such as what color was the jacket he had on and he would take—and it would take four or five minutes to get an answer out of him. He just really slow and I'm afraid that on cross examination he'd become mincemeat for the State's Attorney, so I kind of hesitate to have him testify because he's liable to give some dumb answer in answering a question. He just gets confused easily and I feel if he would tear into him in asking questions, he would get anything out of him. He just answers questions and he gives the wrong answers and even those I

know as to some of the answers, why, he's just lying—not lying—not lying, but gets confused. I'm—I'm going to, I guess, make a motion in limine, I'm going to have the Defendant sworn, I'm going to have him take the stand for the purpose of showing how tall he is because there's some testimony that Mrs. Higgins thought he was five eight and I think he's six foot and there's a difference of four inches and I'm going to spare the Defendant to their cross examining him as to everything else.

THE COURT: What's your position?

[STATE'S ATTORNEY]: I would object to that, your Honor.

THE COURT: All right.

You make the motion in limine for that information and ask the Court that if it be allowed and simply have him stand and any cross examination will be limited to his height.

[DEFENSE COUNSEL]: All right.

THE COURT: Motion will be allowed. That will be for the purpose of direct and cross examination will be limited to the direct. He can ask him if he's ever been shorter or taller or anything of that kind, but it will be limited to that particular phase.

[DEFENSE COUNSEL]: Reason I made this motion out of his presence, I want to put in the record what I said and didn't want to destroy the relationship we have and secondly if this goes up on appeal, they sometimes tell the Appellate Court that defense attorney [sic] didn't want me to testify and he wouldn't let me or something and I wanted to make a record so the Court—Appellate Court will know."

When trial resumed, defendant took the stand, identified himself, and stood in front of the jury. The State then conducted its examination which consisted of having the defendant exhibit himself in various postures in front of the jury. The defense thereupon rested its case.

■■ An accused in a criminal case has an absolute right to be present at trial. (*People v. Pierce* (1974), 56 Ill. 2d 361, 308 N.E.2d 577.) This right cannot be waived by his attorney. (*Pierce.*) An accused need not be present, however, when counsel advises the court of the defense procedure which he intends to employ and seeks and obtains in advance, assurance of the court's ruling. In such an instance, defendant's presence would be useless and, therefore, not necessary. (*Snyder v. Massachusetts* (1934), 291 U.S. 97, 78 L. Ed. 674, 54 S. Ct. 330.) The rationale of a defendant being present during his trial emanates from his right to due process but only to the extent that a fair and just hearing would be thwarted by his absence. Where no constitutional right is at stake, there is no compelling reason or need for defendant to be present at a

proceeding. *People v. Breitweiser* (1976), 38 Ill. App. 3d 1066, 349 N.E.2d 454.

■■ We cannot find any infringement of defendant's substantial rights. The hearing was not held to determine if defendant should testify but rather it was to ensure that defendant's testimony and his cross-examination would be limited to simply having defendant stand and testify to his height. This was to serve to protect defendant from the perils of cross-examination. No error is alleged in this appeal as to the correctness of the court's ruling sustaining defense counsel's protective motion. Defense counsel was merely explaining his trial tactics to the court and he secured, in advance, assurance of the trial court's ruling which he believed would be in the defendant's best interests. We fail, furthermore, to see where the defendant's presence during this hearing on a motion in limine would enhance his defense (*cf. People v. Van Pelt* (1974), 18 Ill. App. 3d 1087, 311 N.E.2d 184) or deprive him of any right. Under these circumstances we find no error and affirm the conviction of defendant.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.