728 P.2d 1246

**The STATE of Arizona,
Appellee/Respondent,**

v.

**Fred JORBIN, Appellant/Petitioner.**

**Nos. 2 CA–CR 4143–2PR, 2
CA–CR 3825.**

Court of Appeals of Arizona,
Division 2, Department B.

July 9, 1986.

Review Denied Nov. 25, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Tim Holtzen, Phoenix, for appellee/respondent.

Minnette Burges, Tucson, for appellant/petitioner.

LIVERMORE, Presiding Judge.

Defendant was charged in eleven counts with criminal activities involving real estate fraud. Represented by a Colorado attorney, he entered a plea to two counts and was sentenced to five years' imprisonment. His appeal and consolidated petition for review of the denial of post conviction relief raise issues concerning the quality of his trial representation. We affirm.

Defendant's first argument is that because his retained Colorado counsel was not a member of the Arizona bar his representation was *per se* ineffective. We reject that claim for two reasons. First, it has uniformly been rejected in other jurisdictions. See *Wilson v. People,* 652 P.2d 595

(Colo.1982), cert. denied, 459 U.S. 1218, 103 S.Ct. 1221, 75 L.Ed.2d 457 (1983); *Keen v. State*, 164 Ga.App. 81, 296 S.E.2d 91 (1982); *People v. Van Pelt*, 18 Ill.App.3d 1087, 311 N.E.2d 184 (1974); *Merida v. State*, 270 Ind. 218, 383 N.E.2d 1043 (1979); *Johnson v. State*, 225 Kan. 458, 590 P.2d 1082 (1979); *Hunnicutt v. State*, 531 S.W.2d 618 (Tex.Crim.App.1976), overruled on other grounds, 606 S.W.2d 887, 890 (Tex.Cr.App. 1980). Second, it is inconsistent with the constitutional test of ineffective assistance of counsel requiring a showing of deviation from professional norms and prejudice. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Nash*, 143 Ariz. 392, 694 P.2d 222, cert. denied, 471 U.S. 1143, 105 S.Ct. 2689, 86 L.Ed.2d 706 (1985).

Defendant's second contention is that because the trial judge taking the plea expressed concern that representation by a lawyer unadmitted in Arizona might constitute non-representation and requested clarification of that point, such clarification was made a condition of the plea agreement. We are cited no authority for this proposition and reject it.

Defendant's final argument is that he was denied effective assistance of counsel because trial counsel failed to request a sentencing hearing to establish that defendant's culpability was less than believed by the trial judge. Those facts were fully aired by counsel in his presentation to the court. We have been furnished no evidence that might have been offered at sentencing hearing. An effective assistance claim cannot be predicated on speculation that there must have been some tactic that would have been successful.

The judgment and sentence are affirmed. The petition for review of the denial of post-conviction relief is denied.

BIRDSALL and LACAGNINA, JJ., concur.