**People of the State of Illinois, Plaintiff-Appellee, v. Dan Walker, Defendant-Appellant.**

Gen. No. 51,394.

First District, Third Division.

June 8, 1967.

Warren J. Carey, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Ronald Sandler, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant was tried before a magistrate for the crime of battery. He was convicted and fined $300 and costs. He appeals from this judgment. The principal charge of error is that the prosecutor attempted to prejudice the court by persisting in an improper line of questioning during cross-examination. The prosecutor questioned defendant with respect to a purported criminal record, but at no time offered documentary evidence of any criminal conviction which would reflect on the defendant's credibility as a witness. The State admits that the cross-examination was intended for impeachment purposes. The facts follow.

On the evening of October 14, 1965, Mrs. Evelyn Winet was driving an automobile in the parking lot of the Old Orchard Shopping Center in Cook County. Defendant was also driving a car in the same parking lot, and according to Mrs. Winet, he struck the rear of her car. The drivers left their cars and began to argue about

the circumstances of the collision. Mrs. Winet testified that defendant approached her shouting, "I was following you around the parking lot and I could choke you." Thereupon he threw her to the ground causing her necklace to break.

Defendant's account of the incident is quite different. He testified that Mrs. Winet backed into him and that thereupon they both got out of their cars and began quarreling about the accident. Mrs. Winet stated that she was going to call the police. Defendant replied that he did not care whom she called and that he was going to leave. With that he turned to go and she grabbed him by the sleeve of his sweater. When he jerked away from her, Mrs. Winet stumbled back and fell to the pavement. Defendant turned toward her, and she screamed. He returned to his car and drove off.

Defendant called three character witnesses who testified that he had a good reputation and was known as a peaceful person. When he testified in his own behalf the State undertook to impeach him, and on cross-examination the prosecutor asked him if he had been "in court" in Florida and if he had been "sentenced" at that time. Defense counsel objected to both questions and the court sustained the objections and ordered the questions stricken. Defendant moved for a mistrial, but the motion was denied. The prosecutor, resuming his cross-examination, asked "Have you ever been in jail?" Once again defendant's objection was sustained. At that point the prosecutor displayed documents which appeared to be police reports. This caused defense counsel to state for the record:

> "May the record show that the Assistant State's Attorney is exhibiting two sheets of white paper, which are common to all those who are in this profession. I think it is highly prejudicial."

266

■ The improper conduct of counsel may be prejudicial in a close case, especially when the veracity of the witnesses is a critical issue. In this case only two people witnessed the occurrence. They were both parties to the event and their testimony on the vital issues is directly contradictory. While the court sustained objections to the improper questions, the prosecutor persisted in his efforts to discredit defendant's testimony by innuendo.

■ The State may impeach the testimony of a defendant in a criminal case by introducing proof, either by record or authenticated copy, that the defendant was previously convicted of an infamous crime. Bartholomew v. People, 104 Ill 601; People v. Halkens, 386 Ill 167, 53 NE2d 923. It is improper to cross-examine a defendant as to prior convictions unless the defendant has himself opened the door to a particular line of questioning on direct examination. People v. Snell, 74 Ill App2d 12, 219 NE2d 554; People v. Smith, 63 Ill App2d 369, 211 NE2d 456. In People v. Smith, supra, the court said, at p 381:

> "Our Supreme Court formerly held that the effect of the defendant disclosing from his own lips the fact of his prior convictions was so damaging that the only manner in which a prior conviction could properly be established was by the record or an authenticated copy of the conviction. Under this view, if the defendant were also examined regarding his prior conviction, it would be reversible error.

> "Recently, however, our Supreme Court has modified this view and has held that the cross-examination of a defendant as to a prior conviction is not reversible error *if the record is also admitted as proof of the conviction.*" (Emphasis ours.)

■ In the instant case the prosecutor did not offer any proof of a prior conviction, and nothing shows that the crime to which he was alluding was an infamous crime. Moreover, the questions were ambiguously phrased. A witness could respond in the affirmative to a question such as was asked here, "Have you ever been in jail?" without admitting that he had been an inmate. The questions, "Were you in court at that time?" and "Are you the same Daniel Wayne Walker who was sentenced in Florida at that time?" are subject to similar objections. The insinuation of such questioning tends to be damaging to the defendant, even though objections are sustained and the questions are stricken, because the trier of fact has been encouraged to speculate as to the nature of the offense so implied. In such a situation the questions may be more damaging, even though stricken, than proof of a prior conviction properly introduced into evidence. The conduct of the prosecutor in persisting in such improper cross-examination and displaying what might be record sheets was prejudicial and it cannot be overlooked as harmless error.

Defendant's credibility was a critical factor in the determination of the case. The question was solely one of veracity between defendant and Mrs. Winet. Under such circumstances it is of special importance that the record should be free of such prejudicial conduct as here committed. The judgment is therefore reversed and the cause is remanded for new trial.

Judgment reversed and cause remanded.

SULLIVAN, P. J. and DEMPSEY, J., concur.