THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY EVANS, Defendant-Appellant.

(No. 11314;

Fourth District—September 3, 1971.

Ryan and Heller, of Mattoon, (Harlan Heller, of counsel,) for appellant.

Allen F. Bennett, State's Attorney, of Sullivan, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In September 1969 an information was filed charging the defendant with disorderly conduct, assault and two counts of aggravated battery. Thereafter, upon a finding that the defendant was indigent, court-appointed counsel was provided. The order appointing counsel was on September 22, 1969. The next matter in the record is a motion for substitution of a judge filed under date of January 5, 1970. That motion, supported by affidavit, asserted that the case was set for trial before Judge Joseph C. Munch, and that said judge was prejudiced against defendant. The court proceeded to a hearing on this motion, apparently acting upon the theory that section 114—5(c) of the Code of Criminal

Procedure was applicable. (Ill. Rev. Stat. 1969, ch. 38, par. 114—5(c).) That statute relates to substitution of judge for cause and provides for a hearing to determine the merits of the motion.

Paragraph (a) of this statute provides for a substitution of judge if the motion is filed within ten days after a cause has been placed on the trial call of a judge. Upon the filing of a motion under the circumstances there specified, the assigned judge is mandated to proceed no further in the cause but shall transfer the cause to another judge not named in the motion. The record in this case tells us the counsel was appointed on September 22, 1969. There is no further entry in the record with reference to assignment of the cause to any judge for trial or substantive preliminary motion. In fact, the next matter in the record is the motion for substitution of judge and that motion was filed on the date the matter was set for trial, although it is not ascertainable from the record that it was in fact set for trial on that date, nor does the record indicate the judge to whom the cause was assigned. Thus the motion for substitution of judge was timely filed for the simple reason that it was filed at the earliest practicable moment when the identity of the trial judge was ascertainable from the record.

In any event, the matter was heard as we have indicated, as a motion to disqualify for cause. The hearing was held in the courtroom in the presence of all the prospective jurors who had been called to try the case on its merits. No objection to this procedure was interposed by the defendant. Evidence was received as to prior instances when the defendant had been before Judge Munch and these incidents were related although none of them involved matters that would be admissible under any circumstances in a trial. During the course of that hearing, the state's attorney stated that the defendant had been before the court "umpteen times".

After this hearing before the prospective jurors, the court denied the motion and proceeded to trial. The defendant was found guilty and fined the sum of $50 on the disorderly conduct charge and $50 on the assault charge and sentenced to the Illinois State Penal Farm at Vandalia for a period of one year on each of the counts of aggravated assault, sentences to run concurrently.

The defendant filed a post-trial motion suggesting there was error in denying the motion for substitution of judge and error in conducting the hearing on that motion in the presence of all the prospective jurors and likewise complained as to certain asserted prejudicial and inflammatory language of the state's attorney in the final argument. This appeal follows the denial of the post-trial motion.

The trial court was in error in denying the motion for substitution

of judge. In *People v. Ehrler,* 114 Ill.App.2d 171 at page 178, 252 N.E.2d 227 at page 230, the court discussed the question of the right to substitution of judge and stated: "The provisions of Section 114—5 of the Criminal Code (supra) are to be read and construed in *pari materia* with the provisions of Chapter 146, Secs. 18-35, providing for the right to a change of venue for prejudice to the judge. See Committee Comments: See also The People v. Rosenbaum, 299 Ill. 93, 94, 132 N.E. 433 (1921); The People v. Davis, 10 Ill.2d 430, 434, 140 N.E.2d 675 (1957); and The People v. Myers, 35 Ill.2d 311, 326, 220 N.E.2d 297 (1966). Venue provisions receive a liberal rather than a strict construction and should be construed to promote rather than defeat the right to a change in venue, particularly where prejudice on the part of a judge is charged; but defendant must comply with statutory requirements and the petition must be offered at the earliest practical moment. One criterion for determining the timeliness of such a motion is whether it is filed before the court has considered a substantive issue in the cause. The People v. Chambers, 9 Ill.2d 83, 87, 136 N.E.2d 812 (1956). The purpose of the rule is to preclude counsel from first ascertaining the attitude of the trial judge on a hearing related to some of the issues of the cause, and then, if the court's judgment is not in harmony with counsel's theory, to assert the prejudice of the court as a ground for allowing the change. The People v. Chambers, supra, page 89, 136 N.E.2d 812."

The motion for substitution of judge should have been treated as a motion within ten days after the cause had been placed upon the trial call of the assigned judge. There is no suggestion in this record that the judge from whom the change was sought had ruled on any substantive matters and certainly here, as in *Ehrler,* venue provisions are to receive a liberal rather than a strict construction which necessitates construction to promote rather than defeat the right to change of venue.

It is no answer as is suggested in this record that the motion for substitution of judge should be considered in the light of the fact that the jury would pass upon factual issues. The right to trial before an impartial judge *is* unrelated to the issue of factual determinations by the jury.

 It was likewise error and reversible error to conduct the hearing to ascertain cause for the motion before the prospective jurors.

 Upon denial of the post-trial motion, the trial judge observed that the motion heard before the venire from which the jury was to be selected was made by defense counsel, and thus complaint cannot be made of such procedure. It was the responsibility of the trial court to assure the defendant a fair trial. It is the court, not counsel, that determines the procedure for hearing motions. It seems to us to be fundamental, that a

hearing on a motion would not be held before a panel of prospective jurors when most if not all the evidence adduced in support of the motion would be inadmissible in the trial of a case. (See *People v. Walker*, 84 Ill.App.2d 264, 228 N.E.2d 597.) Such is at the foundation of fundamental fairness.

Finally, the defendant urges with some persuasion that he has served six months of the imposed sentence prior to his release on bail pending appeal, and that under such circumstances we should reverse without remanding. The error we find in this record mandates a new trial before a different judge. The question of sentence, if and when there is another conviction, must be considered in the light of the record developed in the second trial.

The judgment of the Circuit Court of Moultrie County is reversed and this case is remanded to that court with directions to grant the motion for substitution of judge and for further proceedings in accordance with the views expressed in this opinion.

Reversed and remanded, with directions.

SMITH, P. J., and TRAPP, J., concur.