THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* O. Z. HARSTON, Defendant-Appellant.

(No. 72-329;

Second District—November 8, 1974.

280

Ralph Ruebner and Adam Lutynski, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Jury verdicts found defendant guilty of attempt armed robbery and aggravated battery. While many issues are raised on appeal, we find it necessary to consider only whether denial of defendant's motion for a substitution of judge amounted to reversible error.

On February 9, 1972, defendant was arraigned without counsel. The court, on behalf of defendant, entered pleas of not guilty to the charges, appointed the public defender and stated, "Your case will be set for March 13th for disposition. Do you understand that?" Defendant responded, "Yes, sir, Judge." On March 7, 1972, defense attorney filed a discovery motion with the clerk of the court.

On March 13, 1972, defendant appeared before the same judge with counsel who orally moved for a substitution of judge and a continuance of the case to permit further investigation. Counsel related that he realized the motion for substitution was untimely for not being made within 10 days of arraignment and, consequently, would not be granted as a matter of right. Thereafter, the following colloquy occurred:

"The Court: I had denied one this morning.

Mr. Morelli: Yes, sir. I don't know if the circumstances on that one were the same as this.

But Mr. Harston—

The Court: Well, they waited until Friday to file the motion.

Mr. Morelli: And I, quite frankly, haven't filed one because I didn't intend to until I spoke with Mr. Harston this morning.

But he feels, having been sentenced by your Honor on a previous occasion and that your Honor gave him a rather strong admonition at that time—

The Court: Put him on probation.

Mr. Morelli: No, sir. You weren't put on—

The Defendant: No, sir.

Mr. Morelli: No. And as result of that, he is reluctant to have your Honor hear this case—hear these pending cases.

The Court: Well, I will deny your motion for a substitution of judges and set the case for the 20th then.

The defendant is remanded to the custody of the Sheriff."

For the record, counsel had defendant sworn and elicited that on a previous occasion at the conclusion of a probation hearing the present judge remarked, "probation would be denied because a person like me had no business in the street"; that he first became aware his case would be tried before the same judge only a few minutes previously when told by his

counsel; and that in the past a judge other than the one who conducted the arraignment would try the case.

■■ Contrary to trial counsel's statement of untimeliness, appellate counsel argues that the motion should have been granted under either subsection (a) or (c) of section 114—5 of the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, § 114—5(a), (c).) Subsection (a) gives defendant an absolute right to a substitution of judge if his motion is filed within 10 days from the date his case is placed on the trial call. Subsection (c) allows defendant, upon filing of a written motion supported by affidavit, to move at any time for a substitution of a judge. Under the latter section, substitution is allowed only upon showing of cause. *People ex rel. Walker v. Pate*, 53 Ill.2d 485, 506 (1973).

■■ The controlling issue under subsection (a) is whether the motion was filed within 10 days after the case had been placed on the judge's trial call. If not, then defendant does not have an absolute right to a substitution (*Peter v. Peter*, 55 Ill.2d 443, 457-58 (1973)), as the right to a change of judge may be waived when not asserted in apt time. *People v. Lawrence*, 29 Ill.2d 426, 427 (1963).

The State maintains that the case was placed on the judge's trial call at arraignment on February 9, 1972. In support of this position, it has attached to its brief the administrative order of the chief judge of the 16th Judicial Circuit, dated August 3, 1971, which assigned all criminal trials to the instant judge. The State explains that, except for this order, there is no trial call procedure. Defendant's position is that the record is silent as to the date the case was placed on the trial call and, therefore, under *People v. Evans*, 1 Ill.App.3d 158, 159 (1971), "the motion for substitution of judge was timely filed for the simple reason that it was filed at the earliest practicable moment when the identity of the trial judge was ascertainable from the record." The defendant also relies on *People v. Ehrler*, 114 Ill.App.2d 171, 177 (1969), wherein this court held the motion for substitution of trial judge timely under subsection (a) since it was filed 7 days after the defendant could be charged with knowledge of his trial judge.

■■ Unlike *Evans* and *Ehrler*, the record before us is not silent. On February 9, the case was set for disposition on March 13. In force at the time was an administrative order of which we take judicial notice (*People v. Wolfe*, 124 Ill.App.2d 349, 352 (1970)) that all criminal trials were to be heard by the instant judge. Knowledge of this fact is attributable to the defendant and his counsel. Since the motion here occurred more than 10 days from such knowledge, it came too late to be considered as an absolute right under subsection (a).

■■ Concerning subsection (c), a defendant may move at any time

for a substitution of trial judge upon showing of cause. The motion must be supported by affidavit and the court must conduct a hearing on the merits. (*People v. Lagardo,* 82 Ill.App.2d 119, 126 (1967).) The State maintains that the motion was properly denied because the defendant failed to file a written motion supported by affidavit and therefore failed to bring himself within the scope of subsection (c). Defendant's right cannot be frustrated by so tenuous an argument. Where a court is confronted at the earliest practical moment with a motion for substitution of a trial judge because of alleged prejudice, it is both arbitrary and erroneous to deny the motion without granting the defendant an opportunity to comply with the formal requirement of the statute. The trial court, by failing to afford the defendant an opportunity to comply with the formal requirements, in effect waived the necessity to meet these requirements and the defendant therefore came within the scope of subsection (c). (*People v. Moore,* 26 Ill.2d 236, 238 (1962), and *People v. Shiffman,* 350 Ill. 243, 246-47 (1932).) Even so, since the trial court did not allow the defendant an opportunity to comply with the formal requirements of subsection (c) we believe defendant's testimony under oath should have supplanted such formal requirements under the circumstances presented.

■■ In answer to the defendant's claim that the trial court committed reversible error by not conducting a hearing as required by subsection (c), the State argues that the trial court, by allowing the defendant to testify, did conduct a hearing. We disagree. (See *People v. Lagardo, supra,* at 129, 130.) The State overlooks the fact that the defendant's testimony was given after the trial court had summarily denied his motion. While the premature ruling alone is not necessarily error, still the failure of the court to consider defendant's testimony or rule upon its merits did deprive defendant of a hearing as contemplated by the statute. (*People v. Morrow,* 100 Ill.App.2d 1 (1968), and *People v. Ethridge,* 78 Ill.App.2d 299 (1966).) The statute is to be afforded a liberal interpretation in order to permit, rather than deny, a substitution. Without a hearing, defendant's unrebutted testimony with regard to prejudice and the time he first learned of the judge assignment to his case must be taken as true. *People v. Arnold,* 76 Ill.App.2d 269, 277 (1966).

■■ The court's failure to conduct a hearing, as contemplated by the statute, on defendant's motion for a substitution of judge was reversible error. The judgment is, therefore, reversed and the cause remanded for a new trial.

Reversed and remanded.

SEIDENFELD and RECHENMACHER, JJ., concur.