THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SPENCER BREITWEISER, Defendant-Appellant.

Second District (1st Division) No. 74-420

Opinion filed June 7, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, Edward N. Morris and Robert L. Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Following a jury trial, Spencer Breitweiser was found guilty of taking indecent liberties with a child and was sentenced to four to eight years in the penitentiary. On appeal, he contends: (1) that he was denied his Sixth Amendment right of confrontation and cross-examination when the trial judge excluded him from an *in camera* hearing to determine the competency of the seven-year-old complaining witness to testify; (2) that the trial court erred in denying his motion for a substitution of judges; and (3) that certain testimony received by the trial court was hearsay and should not have been admitted over defendant's objection. We conclude that none of these contentions has merit and we affirm.

According to Vincent, the seven-year-old complaining witness, he and his younger brother were playing in the woods near their home when the defendant, who was 28 years old at the time, offered complainant two toy trucks if he would let him play with the complainant's "peanuts." Vincent stated that the defendant told him to pull down his pants and played with the part of his body "that you go to the bathroom with." The defendant then took out his own penis and rubbed it against the boy's body. Vincent and his brother told their mother what happened and the police were notified. The complainant knew defendant by his nickname and the defendant was questioned by the Carpentersville Police. After being advised of his rights, the defendant made and signed a statement which was transcribed by the arresting officers. The statement, an edited copy of which was shown to the jury, corroborated the testimony of the complaining witness. The defendant did not testify in his own behalf.

Prior to the introduction of evidence, the trial judge held an *in camera* hearing to determine whether or not the seven-year-old complainant was competent to testify. The defendant was ordered to leave the chambers and only the two attorneys were present during the judge's examination.

■■ The competency of such a witness is to be determined by the trial judge and, while his decision is reviewable, it is only where there has been an abuse of discretion or a manifest misapprehension of some legal principle that the decision will be reversed. (*People v. Ballinger* (1967), 36

Ill. 2d 620, 225 N.E.2d 10; *People v. Davis* (1957), 10 Ill. 2d 430, 140 N.E.2d 675.) In the instant case, the trial judge conducted an *in camera* examination of the prospective witness with both attorneys present. The answers elicited through the court's thorough questioning indicate that Vincent clearly exhibited the intelligence, ability to comprehend the meaning of an oath, and the moral obligation to speak the truth necessary to qualify him as a competent witness. (*People v. Brown* (1972), 52 Ill. 2d 94, 285 N.E.2d 1.) Nevertheless, defendant maintains that his exclusion from the examination violated his right to be present at all critical stages of the trial.

The purpose of such a preliminary hearing is not, as the defendant suggests, to cross-examine the witness so that his "perception and memory could be adequately evaluated." The purpose is simply to determine whether a witness of tender years is competent to testify. If the judge, in his discretion, feels that the witness possesses the requisite intelligence, respect for truth, and understanding of the oath, then the object of such a preliminary hearing is fulfilled. Once placed on the stand, this witness may be cross-examined, like any other competent witness to determine the weight and credibility of his testimony. It is here, in open court that the defendant has the right to confront the witness and probe into his capacity for memory and perception.

Illinois courts have frequently held that such hearings may be conducted outside the presence of the defendant without infringing upon his constitutional rights where substantial rights of the accused are not involved or where the defendant's presence would be useless. *People v. Pierce* (1974), 56 Ill. 2d 361, 308 N.E.2d 577.

■■ Faced with a situation identical to the hearing in this case, the Arizona Supreme Court in *State v. Ritchey* (1971), 107 Ariz. 552, 490 P.2d 558, rejected the defendant's assertion that his exclusion was error and stated: "We do not find the same compelling need for a defendant to be present at such a proceeding as we find no constitutional right * * * is at stake." (107 Ariz. 552, 555.) We agree. The trial court's discretion in dealing with a child of tender years did not infringe upon the defendant's right to confront or cross-examine the witness, and the competency of Vincent to testify is apparent from the record.

The defendant next contends that the trial court committed reversible error by summarily denying his motion for a substitution of judges. While it is true that a motion for substitution of judges is to receive a liberal rather than a strict construction (*People v. Harston* (1974), 23 Ill. App. 3d 279, 319 N.E.2d 69), the defendant must comply with the statutory requirements for the motion and must file it at the earliest practical moment. (*People v. Van Pelt* (1974), 18 Ill. App. 3d 1087, 311

N.E.2d 184; *People v. Ehrler* (1969), 114 Ill. App. 2d 171, 252 N.E.2d 227.) In this case, the defendant did neither. Nearly four months after being placed on Judge Petersen's call, this matter came to trial on October 22, 1973, and on that date the defendant filed a written motion for a substitution of judges which stated: "* * * the Defendant, SPENCER BREITWEISER, by his attorneys * * * and pursuant to Section 114—5 of Chapter 38 of the Illinois Revised Statutes, respectfully asks this court for a substitution of judges." No affidavits were filed, no supporting testimony was offered, and the motion was denied by Judge Petersen.

Now, on appeal, defendant relies upon that portion of the Illinois Statute which allows him to "move at any time for substitution of judge for cause, supported by affidavit." (Ill. Rev. Stat. 1973, ch. 38, par. 114—5(c).) To support his contention of reversible error, defendant cites the recent decision in *People v. Harston* (1974), 23 Ill. App. 3d 279, 319 N.E.2d 69, wherein this court reversed a conviction because the trial court summarily denied defendant's motion for a substitution of judges. In that case, however, the attorney for the defendant placed his client on the stand and made an offer of proof to support his motion after it had been denied. The testimony elicited indicated that the defendant's case might be prejudiced if heard by the sitting judge. Nevertheless, the trial proceeded and, in reversing the conviction, we stated: "While the premature ruling alone is not necessarily error, still the failure of the court to consider defendant's testimony or rule upon its merits did deprive defendant of a hearing as contemplated by the statute. * * * Without a hearing, defendant's unrebutted testimony with regard to prejudice and the time he first learned of the judge assignment in his case must be taken as true." 23 Ill. App. 3d 279, 283.

■■ The record in the instant case is void of any evidence, either by way of affidavit or testimony, that the defendant could not receive a fair trial before Judge Petersen. The burden rests not upon the court to justify retention of each case it is about to hear, but rests upon the defendant to offer evidence that prejudice will result if his motion for substitution of judges is not granted. Without such evidence, we must affirm Judge Petersen's denial of the motion.

Finally, the defendant contends that certain testimony of the investigating officer was hearsay, and that its admission over defendant's objection constitutes reversible error. After the complaining witness finished testifying, Officer Lagerstrom took the stand and during his direct examination the following colloquy occurred:

"A. I asked him [defendant] to come to the police station with me, that I wanted to talk to him about an incident that had just been reported to me.

A. What had been reported to you?

MR. MORELLI (defendant's counsel): Your Honor, I will object. That calls for a hearsay answer.

THE COURT: Overruled.

\* \* \*

THE WITNESS: \* \* \* Vincent \* \* \*told me that he had been in the woods a couple of days earlier, which had been on the 25th of the same month, and he had been there with Lucky—with a man named Lucky and that he had offered him a couple of trucks if he would take his pants down. And Vincent said that he did take his pants down and then he fondled—Lucky fondled his penis and Lucky had his own penis out and rubbed his penis against Vincent's body."

The officer then testified that defendant was known as "Lucky" and that after being confronted with complainant's accusation and being advised of his rights, defendant made a statement which recited essentially the same facts.

It is not clear from the record exactly why this testimony was elicited and it may well have been introduced not to prove the truth of the story told by the complainant, but rather to show the circumstances under which the defendant was interrogated and made his statement to Officer Lagerstrom. If so, the testimony could be verbally operative nonhearsay introduced merely to lay a foundation for the introduction of the defendant's statement.

Assuming, however, that the testimony was offered to prove the truth of the assertions it contained, then under orthodox concepts this testimony would be hearsay and would be admissible only if it fell within a recognized exception to the hearsay rule. The State cites a number of Illinois cases which discuss an exception to the hearsay rule applicable here.

Before Officer Lagerstrom took the stand and related what the complainant had told him, the complainant himself had testified. On the stand, the complainant had related exactly the same story that Lagerstrom attributed to him.

■■ Illinois courts have held that the hearsay rule is inapplicable if the same matter as is contained in the hearsay testimony has been competently testified to by the out-of-court asserter himself. *People v. Hoffmann* (1970), 124 Ill. App. 2d 192, 260 N.E.2d 351.

The policy considerations for excluding hearsay testimony were discussed in *People v. Carpenter* (1963), 28 Ill. 2d 116, 190 N.E.2d 738, where our Supreme Court, at page 121, stated:

"\* \* \* The fundamental purpose of the hearsay rule was and is to

test the real value of testimony by exposing the source of the assertion to cross-examination by the party against whom it is offered."

In *People v. Keller* (1970), 128 Ill. App. 2d 401, 263 N.E.2d 127, the First District Appellate Court followed its analysis of *Carpenter* by stating at page 408:

"* * * if the person who made the out-of-court identification is present, testifies to his prior identification and is subject to cross-examination, the purpose of the hearsay rule is satisfied. * * * This is in accord with the present trend which is to accept such testimony as evidence of the truth of the matter therein asserted if the declarant is present and subject to cross-examination."

In *People v. Williams* (1973), 16 Ill. App. 3d 121, 305 N.E.2d 718, a fact situation similar to the instant case arose when a police officer repeated the accusations of the complainant in an indecent liberties case. The court, in allowing such testimony, stated at page 124:

"But even if Officer Finn's testimony did tend to prove the truth of the facts therein recited, it falls within a well recognized exception to the hearsay rule in that both the child (concerning whose statement the officer testified) and his mother confronted the defendant in open court and were subject to cross-examination."

In keeping with this trend, we feel that the safeguards provided by the hearsay rule have in no way been violated in the instant case. The substance of the statements testified to by Officer Lagerstrom, and the assertions contained therein were fully examined at the time the declarant himself took the stand. No useful purpose would have been served by refusing to allow the testimony.

Even if we found the testimony in question inadmissible, we would not reverse the conviction because the testimony of the complainant, coupled with the written statement of the defendant, provided evidence of such a clear and convincing character as to render the admission of this statement harmless.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.