THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY JOHNSON, Defendant-Appellant.

First District (4th Division)    No. 1—91—0509

Opinion filed December 16, 1993.

Patrick M. Ouimet, of Wolf & Ouimet, Ralph Ruebner, and Robert O. Ackley, all of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Annette Collins, and Matthew McQuaid, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial in the circuit court of Cook County, defendant, Jerry Johnson, was convicted of armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18—2(A)), and sentenced to a 30-year term of imprisonment in the Illinois Department of Corrections.

On appeal, defendant contends (1) the trial court erroneously denied his motion for substitution of judge for cause; (2) he did not receive effective assistance of counsel; (3) the trial court failed to suppress a witness' out-of-court identification of him; (4) the trial court erred in instructing the jury on accountability; (5) the trial court failed to arraign him; and (6) he was not proved guilty beyond a reasonable doubt.

We reverse and remand.

On June 7, 1989, defendant did not appear at his scheduled arraignment and the trial court issued a warrant for his arrest. On October 4, 1989, defendant was returned to court on the warrant and indicated that he wanted to proceed *pro se*. Although mindful of defendant's wishes, the trial judge ordered the public defender who had been representing defendant to remain as standby counsel. Defendant made a motion for an automatic substitution of judge which was entered and continued.

On October 26, 1989, defendant withdrew his motion for substitution of judge. The trial judge cautioned defendant about the nature of the charges against him, the nature of the crime and the consequences should he be convicted. Despite these admonitions, defendant maintained that he would represent himself.

On November 21, 1989, defendant's motion for a "Bar Association attorney" was heard and the trial judge explained that defendant was not entitled to a representation by a private attorney. Alternatively, the trial judge offered defendant the option of representation by another public defender, but he declined.

On January 10, 1990, the trial judge indicated that defendant filed a complaint against him with the Judicial Inquiry Board alleging that he engaged in *ex parte* conversations regarding the case. The trial judge then decided "to treat [the complaint] as a Substitution of Judge motion for cause" and send it to another judge for a hearing. Defendant indicated that he had not made a "substitution for cause motion."

On January 11, 1990, a hearing was held on defendant's

purported motion for a substitution of judge. At the hearing, defendant examined a court reporter and attempted to suggest that she might have altered or fabricated the transcript because it did not accurately reflect his statements. Defendant also claimed that the State failed to tender him all the discovery to which he was entitled.

Ultimately, the judge presiding over the hearing ruled that this motion was "totally without merit" and that defendant's only real complaint "concerned a possible discovery violation." As the trial judge was not deemed to be prejudiced against defendant, the case was returned to him.

On April 16, 1990, defendant withdrew from representing himself and requested that he be represented by the public defender. The trial judge granted this request and defendant was thereafter represented by appointed counsel. At the conclusion of trial, defendant was convicted of armed robbery and sentenced to 30 years in the Illinois Department of Corrections.

We will focus our examination on the substitution of judge issue. Defendant opines that the trial judge erroneously treated the Judicial Inquiry Board (hereinafter the Board) complaint as a motion for substitution of judge for cause, although the record evinces that this was not defendant's intention. We agree. The circumstances reveal that upon learning of the complaint defendant filed with the Board, the trial judge unilaterally decided to treat it as a motion for substitution of judge for cause.

However, it is a defendant's statutorily created right to make a motion for substitution of judge for cause. Section 114—5(d) of the Code of Criminal Procedure provides: "[A]ny defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion a hearing shall be conducted as soon as possible after its filing by a judge not named in the motion ***." Ill. Rev. Stat. 1989, ch. 38, par. 114—5(d).

The statute fails to give the trial court discretionary authority to find that a defendant has moved for a substitution of judge for cause when he has never made such a motion. The trial judge's action in this instance is especially curious considering defendant's unequivocal assertion that he had not made a section 114—5(d) motion.

Consequently, the trial judge's characterization and consideration of defendant's complaint to the Board as a request for a substitution of judge for cause, despite defendant's clearly articulated statement to the contrary, was improper.

When defendant actually did file a section 114—5(d) motion, claiming that the trial judge was prejudiced against him as a result of the Board complaint, the trial judge refused to order a hearing on

the motion finding that defendant's allegations had already been heard. The issues raised in defendant's motion, regarding the alleged prejudice of the trial judge, were thus never addressed. This constitutes reversible error. *People v. Harston* (1974), 23 Ill. App. 3d 279.

Our findings with respect to this issue render consideration of defendant's additional contentions unnecessary.

The trial judge's summary denial of defendant's motion for a substitution of judge for cause without conducting a hearing on its merits, as contemplated by statute, compels us to reverse this cause and remand it for a new trial.

Reversed and remanded.

HOFFMAN and THEIS, JJ., concur.